Mrs. Lorena W. WEEKS, Plaintiff,

v.

SOUTHERN BELL TELEPHONE & TEL-
EGRAPH COMPANY, Defendant.

Civ. A. No. 443.

United States District Court
S. D. Georgia,
Swainsboro Division.

Nov. 9, 1967.

William B. Clark, Swainsboro, Ga., for plaintiff.

David J. Heinsma, Hull, Towill & Norman, Augusta, Ga., for defendant.

## OPINION OF THE COURT

SCARLETT, District Judge.

Plaintiff, a white female employee of the Defendant, filed this action on May 18, 1967, alleging a violation of Title VII of the Civil Rights Act of 1964, contending that Defendant refused to consider her bid for a job vacancy in the title of Switchman because of her sex. Defendant's answer admitted that it refused to consider Plaintiff's bid for the switchman's job in Louisville, Georgia, because of her sex and affirmatively averred that sex was a bona fide occupational qualification for the switchman's job. Thus, the only issue presented by the pleadings was whether sex is a bona fide occupational qualification for the switchman's job in Louisville, Georgia.

At the trial of the case, the evidence established that a switchman is required to routinely and regularly lift items of equipment weighing in excess of thirty (30) pounds. In fact, every witness who testified regarding the job duties of a switchman, whether called by the Plaintiff or the Defendant, testified that a

switchman must lift equipment weighing over thirty (30) pounds to perform the job. Additionally, the evidence established that there is other strenuous activity involved in this job. The job requires that equipment be lifted from an over-the-head position and that heavy items be moved by pushing or shoving. An affidavit of the Chairman of the Department of Physiology of the Medical College of Georgia stated that lifting from an over-the-head position involved a greater strain on individual muscles than lifting from an on-the-floor position. Also, the testimony was that the pushing and shoving of the heavy items of equipment involved more exertion than lifting items weighing thirty (30) pounds from the floor.

The evidence established that a switchman is subject to call out twenty-four (24) hours a day and is in fact called out at all hours, and is sometimes required to work alone during late night hours, including the period from midnight to 6 a. m. In the event of an emergency or equipment failure, the switchman would be required to lift items of equipment weighing well in excess of thirty (30) pounds.

██ Also, while it might be possible to reduce the number of times that a switchman would be required to routinely lift items weighing over thirty (30) pounds, so doing would reduce the efficiency of the switchman's operation. The law does not require the Defendant to pattern a job for a woman nor does it require the Defendant to accept an inefficient mode of operation. Rather, the law recognizes precisely the situation of the Defendant. Section 703 (e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(e), provides in part:

> "Notwithstanding any other provision of this title, (1) it shall not be an unlawful employment practice for an employer to hire and employ employees, * * * on the basis of his religion, sex, or national origin in those certain instances where religion,

sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise * * *."

One of the questions presented in relation to the issue of whether sex is a bona fide occupational qualification for the job involved is the applicability of state protective legislation. The Court finds nothing in Title VII of the Civil Rights Act of 1964 to indicate that Congress intended to nullify or limit the application of such laws or regulations, and the Equal Employment Opportunity Commission's regulations recognize the validity of state protective legislation concerning weight-lifting for women. Section 1604.1(3) (b) of the Commission's Regulations provides in part:

> "The Commission does not believe that Congress intended to disturb such laws and regulations which are intended to, and have the effect of, protecting women against exploitation and hazard. Accordingly, the Commission will consider qualifications set by such state laws or regulations to be bona fide occupational qualifications and thus not in conflict with Title VII * * * So, for example, restrictions on lifting weights will be honored except where the limit is set at an unreasonably low level which could not endanger women."

The Commissioner of Labor of the Georgia Department of Labor has promulgated Rule 59 pursuant to Section 54–122(d) of the Code of Georgia. This Rule, which has been adopted from the American Standards Association, imposes a maximum weightlifting limitation for women of thirty (30) pounds. Rule 59 provides in part:

> "Lifting. For women and minors, not over thirty (30) pounds * * *"

This Rule has been applied previously in labor relations matters and it has been held to restrict an employer from assigning women to jobs which require lifting more than thirty (30) pounds. Lock-

heed-Georgia Company, 1966–2 CCH Lab. Arb. 8708.

This Court holds that the Georgia weight-lifting limit for women is reasonable and makes sex a bona fide occupational qualification for the job at issue in this case. Also, the other strenuous activities and working conditions involved in this job make sex a bona fide occupational qualification. Accordingly, this Court finds for the Defendant.