Beverly **GUDBRANDSON, Plaintiff,**

v.

**GENUINE PARTS COMPANY, a Georgia corporation, Defendant.**

**No. 4–67–Civ. 213.**

United States District Court
D. Minnesota,
Fourth Division.

Dec. 30, 1968.

Arnold I. Feinberg and Feinberg, Mirviss, Meyers, Schumacher & Malmon, Minneapolis, Minn., for plaintiff.

Martin N. Burke, Faegre & Benson, Minneapolis, Minn., George K. Mc-Pherson, Jr., and Smith, Currie & Hancock, Atlanta, Ga., for defendant.

## ORDER
## MEMORANDUM

LARSON, District Judge.

This is an action under the Civil Rights Act of 1964, Title VII, § 703(e), 42 U.S.C. § 2000e–2, and submitted to the Court on the basis of stipulated facts. Defendant is a corporation engaged in the sale and distribution of motor vehicle parts with warehouses located throughout the United States. Plaintiff is an employee of defendant at its Minneapolis, Minnesota, warehouse.

In the first half of April 1966 plaintiff, an inventory clerk, applied to the warehouse manager, who was in charge of hiring, for a job as a warehouseman. This request was denied. Approximately one or two months later plaintiff again requested the warehouse manager to give her a job as a warehouseman. Again her request was denied.

Plaintiff claims and defendant admits that she was not allowed to apply for the position of warehouseman in defendant's warehouse entirely on the basis of her sex. Defendant argues that this refusal was based on a bona fide occupational qualification reasonably necessary to the normal operation of its particular business, i. e., a policy that female employees will not be allowed to hold jobs which require them to lift weights in excess of forty pounds.

Defendant claims and plaintiff admits that a warehouseman in defendant's warehouse is required to spend from 30% to 100% of his working day lifting and moving objects which weigh in excess of forty pounds. It is also admitted that defendant's policy of restricting jobs requiring strenuous physical activity and frequent lifting and moving of items in excess of forty pounds to male employees is necessary for safe and efficient operation of defendant's warehouse activities.

The issue to be decided is whether defendant's policy is a "bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise." 42 U.S.C. § 2000e–2(e).

Plaintiff argues that defendant's policy whatever its motivation is a violation of the Civil Rights Act since it excludes women from the warehouseman job classification on the basis of sex rather than on the basis of the individual's ability to do the work. Plaintiff asserts that the intention of Congress in passing the Civil Rights Act was to have prospective employees evaluated as individuals and not as members of a race, class, or sex, as defendant is doing.

Plaintiff does not challenge the defendant's right to organize its work force in the most efficient manner possible, and apparently does not assert that defendant has arranged its job classifications so as to systematically exclude women from employment. It is clear that employers have the right to set bona fide job qualifications and are not required to pattern jobs for women nor to accept an inefficient mode of operation. Weeks v. Southern Bell Telephone & Telegraph Co., 277 F.Supp. 117, 118 (S.D.Ga.1967).

That a weight lifting limit of forty pounds is reasonable when applied to women has been established by many

sources. Some States have enacted statutes setting the maximum amount a woman may be required to lift in the course of her employment. These laws set limits ranging from fifteen to forty pounds. Although these statutes may not have been based on scientific research into the problem of female strain and fatigue, the Equal Employment Opportunity Commission, charged with enforcing the Act, has stated that these restrictions will be honored except where the limit is set at an unreasonably low level. "Guidelines on Discrimination Because of Sex," 30 Fed.Reg. 14,926. The International Labor Organization, based on the conclusions of experts from eleven countries, has concluded that the maximum permissible weight to be carried by women should be fixed at between thirty-three (33) and forty-one point one (41.1) pounds. I.L.O. Official Bulletin No. 3 (1964). The United States Department of Labor recommends that thirty-three pounds should be the maximum weight female employees should be permitted to lift. Labor Bulletin No. 110, "Safety in Industry" at 4.

The Courts have also upheld as reasonable under the Civil Rights Act weight lifting limitations for women. Weeks v. Southern Bell Telephone & Telegraph Co., *supra*, (thirty pounds); Bowe v. Colgate-Palmolive Co., 272 F. Supp. 332 (S.D.Ind.1967) (thirty-five pounds).

■ It may be concluded from this information that a weight lifting restriction for female employees of forty pounds is a bona fide occupational qualification necessary to the normal operation of defendant's business, if a generic as opposed to an individual exclusion is allowable under the Act.

Plaintiff argues that under the Act she must be treated as an individual rather than as a member of the female sex. She argues that she is physically qualified to perform all the duties of a warehouseman and that defendant may not refuse her the job until she has been tested or given some other opportunity to show that she can perform the work.

Defendant argues that if a company is required to test a female employee or try her on the job to determine if she could do the work, there would be no need for the bona fide occupational exception as set forth in the Act. Defendant claims that a generic exclusion of all women from the warehouseman job classification is necessary since if it is forced to allow plaintiff and other females the opportunity to try warehouseman's work it would be subjecting them and their co-workers to the possibility of serious injury and itself to liability claims. In addition, this testing would result in an inefficient operation since few, if any, women would be able to perform the work for a long period of time, thereby resulting in a high turnover rate. Although the situation may not be as dangerous as defendant thinks, these considerations serve to explain the purpose behind the bona fide occupational qualification exception of the Act.

■ Defendant's policy of excluding women as a class from jobs which require the lifting of weights in excess of forty pounds is a bona fide occupational qualification reasonably necessary to the normal operation of its particular business within the meaning of the Act, even though some women may be able to perform the work without hazard, since the process of selecting those few who may be able to do so involves a high risk of danger and inefficiency. For this reason defendant's refusal to allow plaintiff to perform warehouseman's work is not a violation of the Civil Rights Act.

■ This conclusion is buttressed in this case by the determination of defendant's company doctor that plaintiff is not capable of performing the duties of a warehouseman. In the instant case, this type of examination by a medical doctor may in and of itself be grounds for denying plaintiff's claim of discrimination unless other medical opinions could be produced stating that she was physically capable of performing the work necessary.