Diana **RICHARDS**, Plaintiff,

v.

**GRIFFITH RUBBER MILLS**, an Oregon corporation, Defendant.

Civ. No. 68–287.

United States District Court
D. Oregon.
May 5, 1969.

Donald S. Richardson, Green, Richardson, Griswold & Murphy, Portland, Or., for plaintiff.

James C. Maletis, Cookingham & Maletis and James H. Bruce, Portland, Or., for defendant.

Russell Specter, Asst. Gen. Counsel, Equal Employment Opportunity Commission, Washington, D. C., for Commission, amicus curiae.

## OPINION AND ORDER

SOLOMON, Chief Judge:

Diana Richards claims her employer, Griffith Rubber Mills, discriminated against her because of her sex, in violation of 42 U.S.C. § 2000e–2(a). She exhausted her administrative remedies, 42 U.S.C. § 2000e–4, and filed this action, 42 U.S.C. § 2000e–5(e) and (f).

Miss Richards began working for Griffith in January, 1965. On March 27, 1967, while employed as a stock cutter, she applied for one of two openings as a "Press Operator B." The jobs were given to two men who had less seniority. Griffith explained its action by referring to the union contract, which required that all female employees receive two

**340**

ten-minute rest periods,[1] and to "Manufacturing Order No. 8" of the Wage and Hour Commission of the State of Oregon.[2]

On November 8, 1968, Miss Richards was given a "Press Operator B" position on a machine that does not require her to lift heavy loads.

In this action, plaintiff seeks $1,598 in back pay plus attorney's fees. 42 U.S.C. § 2000e–5(g) and (k).

■ The union contract's rest period provisions may not be used to deny Miss Richards the rights given her under 42 U.S.C. § 2000e–2(a). Since the union and the employer are both prohibited from discriminating on the basis of sex, 42 U.S.C. § 2000e–2(a) and (c), they may not override the law's guarantees in the form of a contractual benefit.

Order No. 8 cannot deny Miss Richards her Federal rights. Under the Supremacy Clause of the Constitution, a Federal statute will prevail over a conflicting state regulation. Gibbons v. Ogden, 9 Wheat. 1, 6 L.Ed. 23 (1824). The particular regulation in this case denies Miss Richards the rights guaranteed her by the Equal Employment Opportunity Act. Rosenfeld v. Southern Pacific Co., 293 F.Supp. 1219 (C.D.Cal. 1968). Cf. Longacre v. State, 448 P.2d 832 (Wyo.1968).

■ Griffith argues that under the Equal Protection Clause the State may constitutionally enforce Order No. 8. This is correct, Muller v. Oregon, 208

U.S. 412, 28 S.Ct. 324, 52 L.Ed. 551 (1908), but it is not the issue. Except in rare and justifiable circumstances, 42 U.S.C. § 2000e–2(e), the law no longer permits either employers or the states to deal with women as a class in relation to employment to their disadvantage. 29 C.F.R. § 1604.1(a). Individuals must be judged as individuals and not on the basis of characteristics generally attributed to racial, religious, or sexual groups. The particular classification in Order No. 8 may be reasonable under the Equal Protection Clause, but it is no longer permitted under the Supremacy Clause and the Equal Employment Opportunity Act. 42 U.S.C. § 2000e–7.

■ When an employer discriminates against a person because of his or her sex, it has the burden of proving that sex is a "bona fide occupational qualification reasonably necessary to the normal operation" of his business. 42 U.S.C. § 2000e–2(e). Weeks v. Southern Bell Tel. Co., 408 F.2d 228 (5th Cir. 1969). Griffith did not meet this burden. Its refusal to give Miss Richards one of the two positions open on March 27, 1967, violated 42 U.S.C. § 2000e–2(a).

Griffith admits that it refused to give Miss Richards the job because of her sex, but asserts its good faith reliance on the State regulation and the union contract.

■ This raises the question whether an employer who violates the

---

1. Griffith claims the duties of the "Press Operator" position do not allow two "arbitrary" shut downs. The rest period requirement has since been extended to all employees.

2. Order No. 8 originally provided: "An employer shall not consistently require a female employee to lift or carry any object weighing in excess of thirty (30) pounds." On July 26, 1968, it was amended to prohibit employers from con-

sistently requiring a "female employe to lift or carry excessive weight." "Excessive weight" means:

   "1. More than 25 pounds lifted or carried consistently.

   2. More than 35 pounds without special permission of the Wage and Hour Commission * * *.

   3. More than 50 pounds, in any case."

A "Press Operator B" must occasionally lift as much as 60 pounds.

Equal Employment Opportunity Act in good faith reliance on a State regulation is liable to the employee under 42 U.S.C. § 2000e–5(g).[3] This provision of the Act requires a finding that "the respondent has intentionally engaged * * in an unlawful employment practice" before the court "may" award relief. I interpret "intentionally" to mean wilfully and knowingly. I do not find an intentional violation in this case.[4] *Cf.* Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Dodd v. Spokane County, 393 F.2d 330 (9th Cir. 1968).

Miss Richards also seeks an order that Griffith be required to assign her to the position of "Press Operator B." She now occupies that position. Miss Richards also asks that Griffith be enjoined from "continued discrimination against plaintiff and other female employees" and from "changing the work assigned to Press Operators for the purpose of avoiding their responsibilities under Title VII of the Civil Rights Act." Because I found that Griffith's actions were in good-faith, an injunction would be inappropriate at this time.

■ Finally, Miss Richards requests reasonable attorney's fees under 42 U.S.C. § 2000e–5(k). That section permits the Court to award attorney's fees to the prevailing party in its discretion. Pursuant to that provision, I award Miss Richards the sum of $250.00.

This opinion shall serve as findings of fact and conclusions of law under Rule 52(a) Fed.R.Civ.P.

3. I do not consider the effect of a good faith reliance on a union contract, because I find that Griffith did not rely on the contract in refusing to give Miss Richards the job. My conclusion that Griffith relied on Order No. 8 in good faith is supported by (1) the E.E.O.C.'s regulation which can reasonably be interpreted to mean that the State regulation survived the Federal Act, 29 C.F.R.

§ 1604.1(c), and (2) the Commission's report which, in suggesting that the State regulation could be waived, supported its validity.

4. A finding of intent, however, is not necessary to find a violation of the Act under 42 U.S.C. § 2000e–2(a) or to award attorney's fees under 42 U.S.C. § 2000e–5(k).