**LOCAL 246, UTILITY WORKERS UN-ION OF AMERICA, AFL-CIO, an unincorporated voluntary association, Brunhilde L. Blossfeld and David L. Farrow, individuals, on behalf of themselves and others similarly situated, Plaintiffs,**

v.

**SOUTHERN CALIFORNIA EDISON COMPANY, a corporation, Defendant.**

No. 69-453.

United States District Court,
C. D. California.

Dec. 23, 1970.

---

Bodle, Fogel, Julber & Reinhardt, George E. Bodle, Daniel Fogel, Stephen Reinhardt, James H. Webster, Los Angeles, Cal., for plaintiff.

Gibson, Dunn & Crutcher, William French Smith, Willard Z. Carr, Jr., Fred F. Gregory, Los Angeles, Cal., for defendant Southern California Edison Co.

Thomas C. Lynch, Atty. Gen. of Cal., Jefferson Frazier, Deputy Atty. Gen., San Francisco, Cal., for defendant Industrial Welfare Commission and the Division of Industrial Welfare of the State of Cal.

## MEMORANDUM OPINION

DAVID W. WILLIAMS, District Judge.

This matter comes before the Court on plaintiff's motion and defendant Industrial Welfare Commission's cross-motion for summary judgment. The parties have stipulated to the facts for purposes of these motions. Plaintiff Brunhilde Blossfeld is a woman employed by defendant Southern California Edison Company. Since October 8, 1964, she has held the position of clerk-typist in the Clerical and Technical working unit of the company.

In October of 1968, a vacancy occurred in the company in the position of junior clerk. Plaintiff Blossfeld made a timely application for the position. Under the collective bargaining agreement in force between Edison and plaintiff's union, it was required that "where ability and qualifications are sufficient * * * seniority shall be observed in promotions and transfers." Nevertheless, on about November 8, 1968, Edison posted a notice that there were no qualified bidders for the junior clerk position and thereafter appointed a male employee with less seniority than plaintiff to the position.

Edison based its conclusion that plaintiff was unqualified solely on the facts that the job of junior clerk requires lifting objects in excess of 50 pounds on a regular basis, that plaintiff Blossfeld is a woman, and that Section 1251 of the California Labor Code provides that "No female employee shall be requested or permitted to lift any object weighing 50 pounds or over."

Plaintiffs contend that Section 1251 cannot justify Edison's conduct. They contend that the weight lifting restrictions of the California Labor Code are invalid because inconsistent with Title VII of the Equal Opportunities in Employment Act of 1964. The Act makes it unlawful for an employer

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's * * * sex * * * ; or

"(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or

otherwise adversely affect his status as an employee, because of such individual's * * * sex * * *." 42 U.S.C. § 2000e–2(a).

Plaintiffs further contend that in relying on the California regulations and in denying Blossfeld's bid for the position of junior clerk, defendant Edison committed an unlawful employment practice in violation of Title VII.

Defendants have not strenuously contested the fact that Edison's conduct in refusing to promote Blossfeld violates the very broad and literal terms of § 703(a) of the Act (42 U.S.C. § 2000e–2(a)). They argue, however, that Edison's conduct and the California statute in issue fall within exceptions to the general language of § 703(a) created by other sections of Title VII. Defendants contend that the California statute is saved from any potential conflict with the federal Act because of the latter's anti-preemption provisions, and furthermore, that the state statute is consistent with the Federal Act's exception to § 703(a) which permits *discrimination* on the basis of sex when sex is a bona fide occupational qualification (§ 703 (e)).

Let us examine the defendant's anti-preemption argument. Section 1104 of the Act provides that

"Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof." 42 U.S.C. § 2000h–4.

Section 708 of Title VII states that, "Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter. 42 U.S.C. § 2000e–7."

■ Defendant Industrial Welfare Commission argues that these "savings clauses" reflect a Congressional intent to leave state protective legislation intact and that they would be rendered "meaningless and nugatory" if they did not preserve state statutes such as the one presently in issue. I interpret the clauses differently. I find that the purpose of these sections is to insure preservation of state laws which parallel the Federal Act in prohibiting employment discrimination, such as California's recently amended Fair Employment Practices Act. I do not find that the "savings clauses" are in any way intended to affect state protective legislation for women. To the contrary, Section 708 strongly implies that any state law which requires or permits the doing of an act which would be an unlawful employment practice under Title VII, as California Labor Code § 1251 allegedly does, whether or not it is "protective," is invalid. Thus, California's weight lifting restrictions are not exempted from the broad provisions of Section 703(a) (42 U.S.C. § 2000e–2(a)) by the anti-preemption clauses of Title VII.

■ Defendants also argue that the California statute upon which Edison relied is valid because sex is a bona fide occupational qualification for weight lifting. Section 703(e) (42 U.S.C. § 2000e–2(e)) of the Civil Rights Act creates an exception to Section 703(a)'s general prohibition against discrimination in employment on the basis of sex. It permits an employer to employ "any individual * * * on the basis of sex * * * in those certain instances where * * * sex * * * is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise." This Court has carefully considered the issue of whether the California statute creates a bona fide occupational

qualification (BFOQ) and is forced to conclude that it does not.

Section 703(e) creates a very narrow exception to the Act; it refers to a particular business or enterprise rather than to broad categories of employment such as industrial or technological occupations. Secondly, it refers to employing any individual on the basis of sex and does not permit discrimination on the basis of groups. Finally, it permits discrimination on the basis of sex when this is a reasonably necessary qualification. The California statute in question is much broader than Section 703(e) would permit. It applies not to a "particular business", but to any occupation. It applies not to an "individual", but to a class which comprises over half the population of the state. Finally, in order to establish a BFOQ it must be shown that the criterion in issue is a "reasonably necessary" prerequisite to satisfactory performance of the employment in question. It could be said that in order to operate an authentically atmospheric Chinese restaurant, it is reasonably necessary to have the waiters and waitresses be Chinese. Similarly, in order for a play to be communicative and effective, it must be reasonably necessary to have all female roles played by women and all male roles played by men.[1] There is no such relationship between the requirement of being male and lifting over 50 pounds. On the contrary, there are without doubt a substantial number of women who could lift over 50 pounds and a large number of men who could not. Therefore, it does not appear at all necessary, let alone reasonably necessary, that a position requiring such lifting be filled by a male.

We conclude that the classification and discrimination authorized by Section 1251 does not constitute a BFOQ. Since the California statute consequently permits discrimination prohibited by Title VII, it unavoidably conflicts with that Title and is invalid under the Supremacy Clause of the Constitution. Defendant Edison's conduct pursuant to the invalid statute constitutes an unlawful employment practice in violation of the Act.

By its decision, this Court does not mean to suggest that all rules restricting certain types of employment to one sex are invalid under Title VII of the Equal Employment Opportunities Act. Such restrictions can be made where sex is relevant. State laws or private employer policies imposing weight lifting restrictions would be permissible under Title VII if they applied the same limits to men as to women or if they provided that every individual lift no more than is safe or he is capable of, that amount to be determined on an individual basis. Had Edison felt that Plaintiff Blossfeld, for example, could not safely lift over 50 pounds on a regular basis (an argument which defendants never raise), it would have been lawful for the company to deny her the position of junior clerk. However, weight lifting restrictions applicable only to the broad category of women, such as provided by § 1251 of California Labor Code, are not permissible under the Act.

We are not the first judicial body to decide that state protective legislation in the form of weight lifting restrictions is invalid under Title VII. Such restrictions have been evaluated by several courts and in every case but one,[2] these restrictions have been held inconsistent with the federal Act.

In Rosenfeld v. Southern Pacific Co., 293 F.Supp. 1219 (C.D. Calif., 1968), a case decided in this district two years

---

1. Even in these situations, the sex criterion is only reasonably necessary and not absolutely necessary; See, for example, Dame Judith Anderson's portrayal of Hamlet.

2. The exception is Gudbrandson v. Genuine Parts Co., 297 F.Supp. 134 (D.C. Minn., 1968). However, the two district court decisions holding weight lifting restrictions valid upon which the Minnesota court based its ruling, were reversed on that ground on appeal. See, Weeks v. Southern Bell Telephone, infra, and Bowe v. Colgate, infra. The district court decision in *Gudbrandson* was never appealed.

ago, Judge Ferguson held that California's protective legislation for women and specifically Section 1251 of the Labor Code was invalid because it conflicted with Title VII and that Southern Pacific's reliance on the statute in refusing to promote Mrs. Rosenfeld to the position of agent-telegrapher constituted an unlawful employment practice under the Act.

Similarly, in Weeks v. Southern Bell Telephone and Telegraph, 408 F.2d 228 (5th Cir., 1969), defendant Bell, relying on a state statute limiting weight to be lifted by women to 30 pounds, refused plaintiff a job as a switchman, although she was the senior bidder, because of her sex. Although the appellate court did not decide the validity of the state statute because it had been repealed by the date of the decision, the court did hold that no BFOQ existed and that defendant's conduct was unlawful under Title VII of the Equal Employment Opportunities Act. The Court's reasoning, which this court approves, was that "in order to rely on the [BFOQ] exception an employer has the burden of proving that he had reasonable cause to believe, that is, a factual basis for believing, that all or substantially all women would be unable to perform safely and efficiently the duties of the job involved." *Weeks, supra,* at 235.

In Richards v. Griffith Rubber Mills, 300 F.Supp. 338 (D.Ore., 1969), plaintiff Diana Richards applied for each of two openings as a "Press Operator B". The jobs were given to two men with less seniority. Employer Griffith justified its conduct by reference to the union contract which required that females get two ten-minute rest periods and Order No. 8 of the Wage and Hours Commission which prohibited consistent lifting of over 30 pounds by women. In response to the contention that the Order and defendant's conduct violated Section 703(a) of the Equal Employment Opportunities Act, the Court stated: "the law no longer permits either employers or the states to deal with women as a class in relation to employment to their disadvantage. * * * Order No. 8 may be reasonable under the Equal Protection Clause, but it is no longer permitted under the Supremacy Clause and the Equal Employment Opportunity Act." *Richards, supra,* at 340.

There was no state legislation involved in Bowe v. Colgate-Palmolive Co., 416 F.2d 711 (7th Cir., 1969). However, Colgate had a company policy which restricted women to jobs which did not require lifting more than 35 pounds. The Circuit Court reversed the trial court, holding that the defendant "may if it so desires, retain its 35-pound weight-lifting limit as a general guideline for *all* of its employees, male and female. However, * * * Each employee who is able to so demonstrate (that he can lift larger amounts) must be permitted to bid on and fill any position." *Bowe, supra,* at 718.

The courts are not the only bodies to conclude that state protective legislation imposing weight lifting restrictions upon women is invalid under Title VII. In its 1969 Guidelines, the Equal Employment Opportunities Commission stated that,

"(1) Many states have enacted laws * * * which prohibit or limit the employment of females * * * in jobs requiring the lifting or carrying of weights exceeding certain prescribed limits * * *. "(2) The Commission believes that such State Laws and regulations, although originally promulgated for the purpose of protecting females, have ceased to be relevant * * * The Commission has found that such laws and regulations do not take into account the capabilities, preferences and abilities of individual females and tend to discriminate rather than protect. Accordingly, the Commission has concluded that such laws and regulations conflict with Title VII of the Civil Rights Act of 1964 and will not be considered a defense to an otherwise established unlawful employment practice or as a basis for the application of the bona fide occupational qualifi-

cation exception." (29 C.F.R. § 1604.-1(b)).

 The influence of the 1969 Guidelines on this court is diminished by the fact that they are not a contemporaneous construction of the 1964 Act, but are only recently promulgated guidelines which contradict those put forth by the Commission from 1964 to 1968. Nevertheless, Congress has entrusted this body to make recommendations regarding the implementation of the Act, and the Commission's conclusions, which are the result of intimate dealings with employment discrimination in relation to the Act for a period of over six years, are entitled to some weight with this Court.

The extensive authority indicating that weight lifting restrictions applicable solely to women are impermissible under the Act coupled with our independent finding that the provisions of Section 1251 clearly conflict with the provisions of the Act render inescapable the conclusion that California Labor Code Section 1251 is invalidated by the Equal Employment Opportunities Act of 1964 and unconstitutional under the Supremacy Clause.

Having reached the conclusion heretofore announced, it is unnecessary for this court to consider plaintiff's contention that the statute is unconstitutional under the Equal Protection Clause.

Since defendant Edison has discriminated against plaintiff on the basis of sex under conditions where sex did not constitute a BFOQ, it has committed an unlawful employment practice under Title VII. Under these circumstances, Section 706(k) of the Act (42 U.S.C. § 2000e–5(k)) provides that plaintiff is entitled to recover reasonable attorney's fees. The Court is appreciative of the fact that Edison was in a difficult position, caught between conflicting statutory directives. Nevertheless, the course of action undertaken by Edison resulted in discrimination and a deprivation to plaintiff of her lawful rights and the expenditure of a substantial amount of funds to recover those rights. Therefore, this Court deems it proper to award reasonable attorney's fees to plaintiff as part of her costs. *Richards, supra,* 300 F.Supp. at 341.

Plaintiff's counsel is ordered within the next 15 days to prepare a report of the work he has done in this case and to suggest a reasonable fee for his efforts. Upon receipt of this information, the Court will set a hearing for final determination of the amount of attorney's fees to be awarded to plaintiffs.