Josephine **JURINKO** and **Ida M. Seibert,**
Appellants,

v.

**EDWIN L. WIEGAND COMPANY**, a corporation and Local 1020, UAW, an unincorporated association.

Josephine **JURINKO** and **Ida M. Seibert**

v.

**EDWIN L. WIEGAND COMPANY**, Appellant, a corporation, and Local 1020, UAW, an unincorporated association.

Nos. 72-1043, 72-1044.

United States Court of Appeals,
Third Circuit.

June 7, 1974.

Irving L. Bloom, Dent & Bloom, Greensburg, Pa., Robert Allen Sedler, College of Law, University of Kentucky, Lexington, Ky., for cross-appellants Josephine Jurinko and Ida M. Seibert, and appellees Edwin L. Wiegand Co.

Arnold D. Wilner and Theodore Goldberg, Baskin, Boreman, Wilner, Sachs, Gondelman & Craig, Pittsburgh, Pa., J. Roger Edgar, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., Eric P. Reif, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellees Josephine Jurinko and Ida M. Seibert and appellant Edwin L. Wiegand Co.

Before BIGGS, GIBBONS, Circuit Judges, and HUYETT, District Judge.

PER CURIAM.

Our decision in this case was in favor of the plaintiffs-appellants, Jurinko v. Edwin L. Wiegand Co., 477 F.2d 1038 (3 Cir. 1973), and, after the denial of a petition for rehearing, *certiorari* was granted by the Supreme Court, *sub nom.* Edwin L. Wiegand Co. v. Jurinko, 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973), our judgment was vacated, and the cause remanded to us on October 23, 1973, for further consideration in the light of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). In that case, the Supreme Court enumerated the elements which generally must be shown in order to establish a prima facie case of discrimination under Title VII, as follows: "(i) that he [the complainant] belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." (Footnote omitted).

On May 14, 1974, we vacated our judgment, entered concurrently on February 21, 1974, with the *per curiam* opinion of that date, after the remand to us by the Supreme Court. We now deem it neces-

sary to remand the case to the district court for consideration of the record in the light of *McDonnell Douglas Corporation*, and for such further findings of fact and conclusions of law, if any, which may be necessary in the light of that decision of the Supreme Court.

We will remand the case to the district court for further action in accordance with this opinion.