528 F.2d 1214
 12 Fair Empl.Prac.Cas. 205,
11 Empl. Prac. Dec. P 10,613
 Josephine JURINKO and Ida M. Seibert, Appellees,
v.
EDWIN L. WIEGAND COMPANY, a corporation, Appellant, and
Local 1020, UAW, an unincorporated association.
 
 No. 75--1319.
 United States Court of Appeals,
Third Circuit.
 Submitted Sept. 29, 1975.
ecided Dec. 30, 1975.
 Veryl L. Riddle, Thomas C. Walsh, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., and Donald B. Heard, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellant.
 Irving L. Bloom, Greensburg, Pa., Robert Allen Sedler, Lexington, Ky., Dent & Bloom, Greensburg, Pa., for appellees.
 Before HASTIE, VAN DUSEN and HUNTER, Circuit Judges.OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 An understanding of the issues before the court on this appeal depends more upon an understanding of the litigation's procedural history than upon an exposition of its underlying factual background.[1]
 
 
 2
 Plaintiffs initially brought suit in 1969, charging defendant with sex discrimination in refusing to hire them. 42 U.S.C. § 2000e--2 (1970). The trial court found for plaintiffs, and awarded back pay from the time of their applications for employment (1966) until the time when defendant offered them employment as new employees without prejudice to their rights to pursue claims for back pay and seniority (1969). Jurinko v. Edwin L. Wiegand Co., 331 F.Supp. 1184 (W.D.Pa.1971). The district court clearly held that defendant's refusal to hire plaintiffs was not based on a bona fide occupational requirement, since defendant assumed without investigation that all women were unable to meet its stated criterion.
 
 
 3
 On appeal, this court affirmed the finding of sex discrimination, but held that the offer of employment, rejected by plaintiffs, did not terminate back pay liability. Jurinko v. Edwin L. Wiegand Co., 477 F.2d 1038 (3d Cir. 1973). The district court was therefore ordered to modify the judgment to include post-1969 back pay.
 
 
 4
 The Supreme Court granted certiorari, vacated our judgment, and remanded the case for reconsideration in the light of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Edwin L. Wiegand Co. v. Jurinko, 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973). The panel of this court that had decided the appeal then reconsidered the case as directed by the Supreme Court, adhered to its original decision and reinstated the direction to the district court to modify the judgment. Opinion of February 21, 1974 (unreported). However, shortly thereafter, the panel reconsidered that action, vacated its judgment and on June 7, 1974 issued a per curiam opinion and a new judgment. Beyond noting the Supreme Court's vacation of our action on first appeal, our new opinion specified only that the case would be remanded to the district court 'for consideration of the record in the light of McDonnell Douglas Corporation, and for such further findings of fact and conclusions of law, if any, which may be necessary in the light of that decision of the Supreme Court.' Jurinko v. Edwin L. Wiegand Co., 497 F.2d 403, 404 (3d Cir. 1974).
 
 
 5
 It is the district court's opinion on remand, dated November 22, 1974, which is now under review. Unfortunately, that opinion, apparently through inadvertence, quoted as the opinion of this court our February 21, 1974, opinion, which in actuality had been vacated. The district court proceeded to conclude that this court had 'directed only that (the district) Court modify its judgment to expand the award to include seniority and back pay from the date of the unlawful practice . . . up to the date on which (plaintiffs) are actually re-instated.' (Opinion of November 22, 1974, App. p. 68). Accordingly, the district court entered judgment for plaintiffs.
 
 
 6
 Ever since the Supreme Court's remand, Wiegand has construed that order, viewed in the light of the controverted issues of this case, as requiring a reconsideration of whether Jurinko and Seibert 'were qualified for the jobs they sought.' We agree with that analysis. McDonnell Douglas does make 'qualification' essential to recovery in a case like this one. On remand, the first inclination of this court (Opinion of February 21, 1974) was to undertake the necessary reconsideration at the appellate level. However, we abandoned that position and directed the district court to make the (first) determination of whether plaintiff's recovery was impaired by McDonnell Douglas' teachings on the 'qualification' issue (or otherwise). However, by responding to the superseded remand opinion the trial judge erred, failing to recognize his duty to re-assess the liability phase of the case.[2]
 
 
 7
 For this reason we reluctantly find it necessary to remand the case once again for reconsideration of the liability issue. Any other course would amount to a nullification of our last remand order, which required trial court consideration of McDonnell Douglas, and reinstatement of the earlier remand order, which would have reposed initial consideration of that case in (another panel of) this court.
 
 
 8
 Similar considerations governs our disposition of the damage question. The original decision of the district court awarded the plaintiffs compensation for loss of earnings from 1966 until Wiegand's 1969 offer to reemploy them without seniority or back pay. It is true that when this case was first here we held that the plaintiffs should also recover for loss of earnings after they rejected that qualified offer and until Wiegand should reemploy them with seniority and back pay. But when the Supreme Court reviewed our decision and remanded the case to us it expressly vacated our ruling on damages.
 
 
 9
 In these circumstances we remanded the case to the district court without any instruction on allowable damages. Jurinko, supra, 497 F.2d 403 (3d Cir. 1974). However, in the decision from which the present appeal has been taken the district court, as discussed above, incorrectly took the position that it was bound by this court's February 21, 1974 opinion and judgment on remand in which we did repeat our original ruling on damages. On this issue as well, a remand is required.
 
 
 10
 During the pendency of the present appeal, the Supreme Court handed down its opinion in Albemarle Paper Co. v. Moody, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). That case does not consider the effect of a qualified offer of employment on damages. But it does emphasize the equitable nature of an award of back pay in cases under Title VII of the 1964 Civil Rights Act and the responsibility of the district court to decide each back pay controversy in a way calculated to achieve a just and equitable result in the circumstances of the case before it. Cf. Kober v. Westinghouse Electric Corp., 480 F.2d 240 (3d Cir. 1973); Bryan v. Pittsburgh Plate Glass Co., 494 F.2d 799 (3d Cir. 1974).
 
 
 11
 The district court incorrectly believed that we had deprived it of equitable discretion to consider and determine on remand how justice could best be achieved in disposing of the claim for back pay for the years after 1969. Particularly in the light of the Albemarle opinion, we think the district court should be given an opportunity to exercise its independent judgment on this question and make explicit both the rationale of decision and the way in which any award is computed.[3]
 
 
 12
 Accordingly, we will vacate the judgment and remand the case for further proceedings consistent with this opinion. Costs shall not be awarded to any party on this appeal.
 
 
 13
 HASTIE, Circuit Judge (concurring in part and dissenting in part).
 
 
 14
 I agree that the Supreme Court's remand imposed upon us the responsibility of reconsidering in the light of McDonnell Douglas Corp. v. Green, 1973, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, whether Ms. Jurinko and Ms. Seibert were qualified for employment as production workers at the Wiegand plant, and that we, in turn, imposed that responsibility on the district court.
 
 
 15
 As 1966 applicants for production jobs, these women were former Wiegand employees with satisfactory work records. Normally, this work history would place an applicant in a preferred category. However, Wiegand claims that its policy was to employ for production work only those applicants who were physically able to perform each and every job in the production department and that these applicants did not satisfy that requirement.
 
 
 16
 Dealing with this contention in its trial findings and conclusions, the district court asserted that Wiegand's stated policy of hiring as production workers only those physically able to perform every production job was not a 'bona fide occupational qualification' for two related reasons. It was administered without prescribing or applying any 'objective standards to measure the physical abilities required' and the company merely 'proceeded on the general and governing assumption that women, as a class, were physically unable to perform each and every job in production'.
 
 
 17
 I agree with the district court that as administered the requirement in question was not a legally valid qualification. Cf. Weeks v. Southern Bell Tel. & Tel. Co., 5th Cir. 1969, 408 F.2d 228; Meadows v. Ford Motor Co., W.D.Ky.1973, 62 F.R.D. 98; Ridinger v. General Motors Corp., S.D.Ohio 1971, 325 F.Supp. 1089; rev'd on other grounds 6th Cir. 1972, 474 F.2d 949; Local 246, Utility Workers Union of America v. Southern California Edison, C.D.Cal.1970, 320 F.Supp. 1262. Therefore it must be disregarded in determining, as required by the McDonnell Douglas case, whether the complaining applicants were 'qualified for a job which the employer was seeking applicants'. 411 U.S. at 802, 93 S.Ct. at 1824. Beyond this, Wiegand has never contended that Ms. Jurinko and Ms. Seibert lacked any other qualification.[1]
 
 
 18
 The majority opinion does not indicate agreement or disagreement with the foregoing analysis. Rather, it argues that the district court failed to 'reconsider' this issue as our remand required. True, in its opinion on remand, the district court merely recited what its original finding and ruling on the matter of qualification had been, without adding that it continued to adhere to that position. But to me the implication that its analysis and conclusion remained unchanged is unavoidable. Moreover, I already have indicated my belief that, as a matter of law, the district court's position was correct. Indeed, in my view, a contrary ruling on this issue would be reversible error. I share the concern of the majority that the district court, in its opinion on remand, improvidently used an opinion of this court that had been withdrawn to support its original position. But to me this is insufficient reason for requiring a reconsideration of the question of liability which must cause that court either to make explicit the presently implicit reaffirmation of its trial findings or to change its position and thereby commit error.
 
 
 19
 On the separate matter of damages, I agree that there must be a remand for the reasons stated in this court's opinion.
 
 
 
 [1]
 This background is set forth in the original district court opinion, Jurinko v. Edwin L. Wiegand Co., 331 F.Supp. 1184 (W.D.Pa.1971), and in the original opinion of this court. Jurinko v. Edwin L. Wiegand Co., 477 F.2d 1038 (3d Cir. 1973)
 
 
 [2]
 The trial judge's opinion makes only very limited comments on the 'qualification' issue. It seems clear that these comments were merely in the nature of historical review (of his original decision) and not reconsideration. See App. pp. 64--65
 
 
 [3]
 The record suggests that one impediment to agreement on terms of reemployment in 1969 may have been the applicants' insistence on seniority back to the time of their former employment during the early 1950's. It may be that they were demanding more seniority than was their right while the employer was offering no seniority, and neither would budge. In addition, it is not clear how the question of mitigation of damages was resolved. We leave to the district court the determination of these facts and their possible significance for an equitable decision on back pay for the period after 1969
 
 
 [1]
 Though not essential to decision, it merits mention that Wiegand's claim that Ms. Jurinko and Ms. Seibert were not qualified lost some credibility in 1969 when Wiegand offered to hire them as production workers