Jones Metal Products Co. et al., Appellees, *v.* Walker, Dir., Dept. of Industrial Relations, et al., Appellants.

142

(No. 9998—Decided March 9, 1971.)

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. James P. Kennedy,* for appellees.

*Mr. Paul W. Brown,* attorney general, and *Mr. Thomas V. Martin,* for appellants.

WHITESIDE, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas, wherein that court declared R. C. 4107.42, 4107.43 and 4107.46 to be invalid, and enjoined defendants, appellants herein, from

investigating alleged violations of R. C. 4107.42, 4107.43 and 4107.46 and R. C. 4107.45(C), 4107.48 and 4107.49 as they relate to R. C. 4107.42, 4107.43 and 4107.46, and from enforcing any of those sections.

The action below was filed by plaintiffs, appellees herein, for a declaratory judgment seeking a determination that R. C. 4107.42, 4107.43, 4107.46(A), 4107.46(B) and 4107.46(E) are inconsistent with Title VII of the Civil Rights Act of 1964 and are, therefore, invalid. These are statutes regulating working conditions for female employees.

The facts below were stipulated by the parties. It was stipulated that appellees operate a plant which produces metal products in West Lafayette, Ohio, and employ approximately 125 men and twenty women in the manufacturing area, and 35 men and nineteen women in the office area. Paragraphs 6, 8, 9 and 10 of the stipulations read as follows:

"6. Section 4107.43 of the Ohio Revised Code prohibits the employment of all females in certain designated occupations or capacities including, among other things, employment requiring frequent or repeated lifting of weights in excess of 25 pounds. Section 4107.46 of the Ohio Revised Code prohibits an employer from employing females in excess of specified hours per week, days per week, and hours per day. For instance, in manufacturing establishments, a female may not be employed more than 48 hours in any one week, nine hours in any one day, or more than six days in a calendar week. Section 4107.46(B) provides that if the work during any one day is not continuous but is divided into two or more periods, the employer shall provide that all such periods fall within 10 consecutive hours. Subsection (E) of the foregoing section provides that no employer shall employ a female for a period of more than five hours of continuous labor unless such period is broken by a meal period of at least one-half hour. Section 4107.42 of the Ohio Revised Code requires an employer to provide a suitable lunchroom, unless impracticable, separate and apart from the work room for the

use of all female employees and requires the employer to give women a minimum of 30 minutes for mealtime therein. If no lunchroom is available, the employer must allow all female employees one hour for mealtime. All such statutes are applicable to female employees only and do not apply to male employees.

"8. Section 2000e-2(a) (1) of the United States Code (Title VII of the Civil Rights Act of 1964) prohibits an employer from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's sex. Section 2000e-2(a) (2) prohibits an employer from limiting, segregating or classifying his employees in any way which would tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of such individual's sex. Section 2000-2 (2) (e) allows an employer to hire an employee on the basis of their sex in those certain instances where sex is a bona fide occupational qualification reasonably necessary to the normal operations of that particular business or enterprise.

"9. Pursuant to Section 2000e-12 of the United States Code, the Equal Employment Opportunity Commission, the agency charged with the administration of Title VII of the Civil Rights Act of 1964, has formulated guidelines construing the provisions of Title VII regarding discrimination because of sex. Section 1604.1 (b) (1) of these guidelines, as amended August 19, 1969 (34 F. R. 13367), recognize that many states have enacted laws prohibiting or limiting the employment of females. The guidelines cite as examples the law prohibiting the employment of females in specified occupations, jobs requiring the lifting or carrying of weights exceeding certain prescribed limits or work for more than specified number of hours per day or week. Subsection (b) (2) of these guidelines states that the Commission believes that such state laws have ceased to be relevant to the nation's technology and that such laws do not take into account the capacities, preferences and abilities of individual females and tend to discriminate

against females rather than protect them. Consequently, the Commission has concluded that such laws conflict with Title VII and have announced that these laws will not be considered a defense to a charge of unlawful employment practice under federal law or as the basis for a bona fide occupational qualification exception.

"10. In applying its guidelines, the Equal Employment Opportunity Commission has found reasonable cause to believe Ohio employers have violated Title VII by refusing to consider women for jobs because the Ohio female protective statutes prohibited employing women in certain manners. These decisions have found that these Sections do not constitute bona fide occupational qualifications and employers can not refuse to give women the available positions without violating Title VII. A finding of reasonable cause by the Commission gives the charging party authority to institute suit in federal court against the employer and a number of suits are currently pending."

In addition to the lunchroom and mealtime requirements mentioned in the stipulations, R. C. 4107.42 also requires employers to provide a suitable seat for the use of each female employee and to permit the use of such seat when the female employee is not necessarily engaged in the active duties of her employment, and when the use of the seat will not actually and necessarily interfere with the proper discharge of the duties of the employee.

It is quite clear that none of the provisions of R. C. 4107.42 are discriminatory against female employees but, rather, confer benefits upon female employees which are not conferred upon male employees. To the extent, if any, that that section is discriminatory upon the basis of sex, it is a discrimination in favor of female employees.

R. C. 4107.43 prohibits the employment of females in certain specified occupations or capacities. It is not contended that any of these prohibitions would be applicable to the appellees with the possible exception of the prohibition against the employment of females in jobs requiring frequent or repeated lifting of weights over 25 pounds.

However, there is no evidence and no statement in the stipulation that the appellees require any employee, male or female, to engage in frequent or repeated lifting of weights over 25 pounds.

R. C. 4107.43 is designed to benefit female employees by prohibiting employers from requiring female employees to engage in frequent or repeated lifting of weights over 25 pounds. While it is true that this section would prevent a female from obtaining employment in a position which, by its very nature, required frequent or repeated lifting of weights over 25 pounds, there is no indication that there are any female applicants for any such position or that any such position exists in the operations structure of appellees.

R. C. 4107.46 prohibits an employer from requiring a female employee to work more than 48 hours in any one week, more than nine hours in any one day, or more than six days in a calendar week. That section further provides that if a work day is not continuous but is divided into two or more periods, the total period must fall within ten consecutive hours. Division (E) of the section prohibits an employer from requiring a female employee to perform more than five hours of continuous labor unless the period is broken by a meal period of at least one-half hour. There are, however, certain specified exceptions set forth in R. C. 4107.46.

The contention of appellees is in effect that: (1) since they are not required to furnish seats, lunchroom facilities, or meal periods to male employees, they should not be required to furnish these to female employees; (2) since they are not prohibited from requiring male employees to engage in frequent or repeated lifting of weights over 25 pounds they should not be prohibited from requiring female employees to engage in such activity; and (3) since they are not limited in the number of hours they may require a male employee to work, they should not be limited in the number of hours they may require a female employee to work. It is conceivable that R. C. 4107.42, 4107.43 or 4107.46 might be invalid in specific application to a given

female employee; however, the issue in this case is whether or not the statutes are invalid on their face. That is, invalid in their application generally to all female employees.

There can be no question but that the statutes here challenged are constitutional and valid enactments constituting a constitutionally valid classification of employees and do not deny the equal protection of the law to any employee. This was long since decided in *Hawley* v. *Walker* (1914), 232 U. S. 718. The contention of appellees is that although these statutes do not constitute a denial of equal protection of the law, they are rendered invalid by virtue of the Civil Rights Act of 1964, under the Supremacy Clause of the United States Constitution.

The Civil Rights Act of 1964 provides in Section 2000e-2 (a), Title 42, U. S. Code, that:

"It shall be an unlawful employment practice for an employer—

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

"(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

However, paragraph (e) of that section provides in part that:

"Notwithstanding any other provision of this subchapter, (1) it shall not be an unlawful employment practice for an employer to hire and employ employees * * * on the basis of * * * [their] religion, sex, or national origin in those certain instances where religion, sex, or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise * * *."

In essence, R. C. 4107.42, 4107.43 and 4107.46 are leg-

islative determinations that sex is a bona fide occupational qualification reasonably necessary to the normal operation of a business or enterprise to which they are applicable to the extent and as specified in those sections. As noted above, such sections have been upheld as reasonable requirements and not a denial of the equal protection of the law even though the classification is based upon sex.

It is difficult to perceive how a statutory regulation of employment based on sex which is reasonable and is not in violation of the equal protection clause of the Fourteenth Amendment can fail to be "a bona fide occupational qualification reasonably necessary to the normal operation of the particular businesses or enterprises to which applicable."

While the Civil Rights Act of 1964 is in part predicated upon the commerce clause, the particular prohibitions thereof herein involved attempt to prohibit discrimination in employment based upon sex. The Federal Statute does not prohibit all classifications of employees based upon sex but, rather, expressly permits reasonable classifications based upon sex. The state legislature has established certain classifications based upon sex with regard to employment and these classifications have been judicially determined to be reasonable. Even if these classifications were no longer relevant because of changing conditions, the legislature is in a much better position to study and determine what reasonable regulations are today necessary than is any court.

The equal protection clause of the Fourteenth Amendment to the United States Constitution prohibits a state from requiring discrimination in employment upon the basis of sex unless the classification is reasonable—i. e., a bona fide occupational qualification reasonably necessary to the normal operation of the business or enterprise affected and bearing a reasonable relationship to a proper public purpose such as the protection of female employees. The Fourteenth Amendment left individual employers free to exercise discriminatory practices in employment

even though such practices are not bona fide occupational classifications reasonably necessary to the normal operation of the business or enterprise.

In other words, employers, in the absence of statute, are not required to give equal protection to their employees but may discriminate upon any basis they wish. The Civil Rights Act of 1964, in essence, imposes upon the employers to whom it is applicable, the same type of equal protection requirement with regard to the sex of their employees as is imposed upon the states by the Fourteenth Amendment. As previously stated, not every classification of employees upon the basis of sex is prohibited, but, rather, only those classifications which are unreasonable because they do not constitute a bona fide occupational qualification reasonably necessary to the normal operation of the particular business or enterprise.

Congress, in enacting the Civil Rights Act of 1964, recognized the existence of state legislation in the area of employment and specifically provided that the application of such state laws would not be affected by the Civil Rights Act of 1964 unless the state law required or permitted the doing of an act which would constitute an unlawful employment practice under the federal statute. Section 2000e-7, Title 42, U. S. Code, provides as follows:

"Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter."

More broad and more specific is Section 2000h-4, Title 42, U. S. Code, which provides as follows:

"Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, *nor shall any provision of this Act be construed as invalidating*

*any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof."* (Emphasis added.)

Congress has expressly stated that the Civil Rights Act of 1964 shall not be construed as invalidating any provision of state law, unless the state law is inconsistent with the purposes or provisions of the Act.

R. C. 4107.42 requires employers to provide seats, lunchroom facilities and meal periods for female employees but does not prevent an employer from providing such facilities for male employees, nor require employers not to furnish such facilities to male employees. R. C. 4107.-46 establishes maximum hours that a female employee may be employed but does not prevent an employer from establishing the same standards for male employees or require an employer not to establish the same standards for male employees.

Even if the Civil Rights Act of 1964 were construed to require an employer subject thereto to treat male and female employees the same with respect to facilities and hours of employment as specified in R. C. 4107.42 and 4107.46, those sections can in no way be construed as preventing an employer from doing so. Rather, those sections merely fail to require an employer to provide such facilities and to limit hours of employment with regard to male employees but in no way prevent an employer from doing so.

Accordingly, it is quite clear that R. C. 4107.42 and 4107.46 are not inconsistent with the purposes or provisions of the Civil Rights Act of 1964, and do not require or permit the doing of any act which would be an unlawful employment practice under that Act. If the Civil Rights Act of 1964 requires employers subject thereto to extend the benefits of R. C. 4107.42 and 4107.46 to male as well as female employees, there is nothing in those sections which would prevent an employer from doing so nor require him not to do so.

Whether the Civil Rights Act of 1964 would require an employer subject thereto to extend to his male em-

ployees the same benefits as are required to be extended to female employees by R. C. 4107.42 and 4107.46 is not a question before this court. What the appellees seek in this case is to avoid being required to extend the benefits of R. C. 4107.42 and 4107.46 to either male or female employees.

That Congress did not intend such state laws to be invalidated by the Civil Rights Act of 1964 is further indicated by the fact that Congress itself has not repealed similar statutes with regard to the District of Columbia. See section 36-301 of the Code of the District of Columbia.

It might be noted that Section 2000e(b), Title 42, U. S. Code, defines "employer" as "a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." Thus, the Civil Rights Act of 1964 applies only to employers having 25 or more employees. Employers in Ohio having fewer than 25 employees or who are not engaged in an industry affecting commerce, are not subject to the Civil Rights Act of 1964. With regard to such employers, R. C. 4107.42, 4107.43 and 4107.46, unless otherwise invalid, would remain valid pursuant to the prior judicial decisions finding such laws to be constitutional, even if those sections were inconsistent with the Civil Rights Act of 1964.

R. C. 4107.43 poses a slightly different problem, in that it prohibits employment of females in certain occupations or capacities in which someone must be permitted to be employed. Thus, males are permitted to be so employed. However, the only portion of that section under consideration in this case is the prohibition against employing females in jobs requiring frequent or repeated lifting of weights over 25 pounds. While it is possible that such prohibition may be unreasonable as applied to some specific female employee, that question is not before the court but, rather, the question is whether or not the prohibition is unreasonable as applied to female employees generally.

As stated above, R. C. 4107.43 constitutes a legisla-

tive determination that sex is a bona fide occupational qualification, reasonably necessary in the normal operation of a particular business or enterprise requiring the frequent or repeated lifting of weights over 25 pounds. No evidence was offered to show that such legislative determination is unreasonable or factually unsound. Rather, appellees seek to have this court declare that women are as capable as men in engaging in employments requiring frequent or repeated lifting of weights over 25 pounds despite the legislative determination to the contrary, and without any evidence to support the conclusion.

Appellees rely upon section 1604.1(b) of the Equal Employment Opportunity Commission's guidelines issued August 11, 1969, which states in part as follows:

"(2) The Commission believes that such state laws and regulations, although originally promulgated for the purpose of protecting females, have ceased to be relevant to our technology or to the expanding role of the female worker in our economy. The Commission has found that such laws and regulations do not take into account the capacities, preferences, and abilities of individual females and tend to discriminate rather than protect. Accordingly, the Commission has concluded that such laws and regulations conflict with Title VII of the Civil Rights Act of 1964 and will not be considered a defense to an otherwise established unlawful employment practice or as a basis for the application of the bona fide occupational qualification exception."

The original guidelines of the Equal Employment Opportunity Commission were adopted in December, 1965, and took exactly the opposite approach with regard to such state laws designed to protect women against exploitation and hazard.

The present guideline of the Equal Employment Opportunity Commission does not have the effect of law since by Section 2000e-12, Title 42, U. S. Code, the authority of the Commission to adopt regulations is limited to issuing, amending or rescinding "suitable procedural regulations to carry out the provisions of this subchapter."

Section 2000e-12 (b), Title 42, U. S. Code, does provide the basis for such guidelines by the provision that it would be a complete defense to a charge of unlawful employment practice for a person to prove that the act or omission complained of was in good faith, in conformity with, and in reliance upon, a written interpretation or opinion of the Commission.

Appellants, on the other hand, in their brief refer to a study made by the International Labor Office. They stated:

"The International Labor Office studied this precise problem. It found that the physical constitution of a woman is not as strong as that of a man and that her capacity for sustained muscular effort without undue fatigue is substantially less than that of a man. It recommended that the maximum permissible weight ever to be carried by a woman be fixed between approximately 30 to 45 pounds. It also recommended that *regular* carrying should not be permitted for women. I. L. O., Maximum Permissible Weight to be Carried by One Worker, 11, 18 (1964)." However, appellants did not submit any evidence to substantiate this claim. Neither the interpretation of the Equal Employment Opportunity Commission nor the report of the International Labor Organization can be considered by this court as evidence of the reasonableness or unreasonableness of the lifting regulation here involved, nor of its consistency or inconsistency with the Civil Rights Act of 1964.

We are here concerned with a constitutional question founded upon clause 2, Article VI of the United States Constitution, the Supremacy Clause, which reads in pertinent part as follows:

"This Constitution, and the laws of the United States which shall be made in pursuance thereof * * * shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding."

The test that we must apply is stated in the first paragraph of the syllabus of *State, ex rel. Dickman*, v. *Defenbacher* (1955), 164 Ohio St. 142, as follows:

154

"1. An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."

The United States Supreme Court, in *Kelly* v. *Washington* (1937), 302 U. S. 1, stated the proposition, at page 10, as follows:

"The principle is thoroughly established that the exercise by the state of its police power, which would be valid if not superceded by federal action, is superceded only where the repugnance or conflict is so 'direct and positive' that the two acts cannot be 'reconciled or consistently stand together.' "

The parties have cited several cases which arrive at conflicting conclusions with regard to the instant issue. Some of the cases have found state statutes such as the ones here involved to be consistent with the Civil Rights Act of 1964 and others have found the state statutes to be inconsistent with that Act. Others have dealt with regulations of employers as opposed to state regulations. It is not necessary to review these cases but suffice it to say that none of them are binding or persuasive.

In *Muller* v. *Oregon* (1908), 208 U. S. 412, the United States Supreme Court, in upholding the constitutionality of state statutes protecting female employees, stated at pages 422 and 423 that:

"The two sexes differ in structure of body, in the functions to be performed by each, in the amount of physical strength, in the capacity for long-continued labor, particularly when done standing, the influence of vigorous health upon the future well-being of the race, the self-reliance which enables one to assert full rights, and in the capacity to maintain the struggle for subsistence. This difference justifies a difference in legislation and upholds that which is designed to compensate for some of the burdens which rest upon her."

It is argued by appellees, and stated in some of the decisions that they cite, that this reasoning is based upon

a "chivalrous or paternalistic attitude toward women which is irrelevant in a day and age characterized by strong movements for the 'liberation of women'." It is difficult for this court to perceive how women will be "liberated" by permitting their employers to require them, as a condition of their employment, to engage in strenuous physical labor, especially since it is the employer not a woman employee who brings this action.

Forty years after the *Muller* case, the United States Supreme Court found a state statute forbidding the employment of a female as a bartender to be constitutional. In *Goesaert* v. *Cleary* (1948), 335 U. S. 464, in the opinion of the court delivered by Mr. Justice Frankfurter, the following is stated at pages 465 and 466:

"Michigan could, beyond question, forbid all women from working behind a bar. This is so despite the vast changes in the social and legal position of women. The fact that women may now have achieved the virtues that men have long claimed as their prerogatives and now indulge in vices that men have long practiced, does not preclude the States from drawing a sharp line between the sexes, certainly in such matters as the regulation of the liquor traffic. See the Twenty-First Amendment and *Carter* v. *Virginia*, 321 U. S. 131. The Constitution does not require legislatures to reflect sociological insight, or shifting social standards, any more than it requires them to keep abreast of the latest scientific standards."

To conclude, without evidence to support the conclusion, that women, in general, are as capable as men, in general, of engaging in frequent or repeated lifting of heavy weights is to ignore commonly accepted realities of life.

While we have alluded to the lack of evidence upon the issue, this does not mean that we must ignore, what is commonly perceived by all, that women are different in physical structure from men, and that women, in general, are smaller in physical size and stature than men, in general. We must, therefore, conclude that the legislative determination that women should not be required to en-

gage in frequent or repeated lifting of weights over 25 pounds is reasonable in the absence of any evidence to the contrary. The question of whether 25 pounds is a proper limitation also lies within sound legislative discretion in the absence of evidence of unreasonableness.

The trial court appeared concerned with the fact that the state statutes do not apply to women employees on an individual basis. This is probably predicated upon the argument of appellees and the reasoning in some of the cases which they cite. Stated in other words, this contention is that each female employee should be in some manner individually tested to determine whether or not she is capable of lifting weights over some limit. Under appellees' contention, sex could never be the basis of classification, but classification would always be based upon individual ability rather than sex. This, however, is not the test set forth in the Civil Rights Act of 1964. Rather, the test is whether or not sex is a bona fide occupational qualification reasonably necessary to the normal operation of a particular business or enterprise.

R. C. 4107.43 constitutes a legislative determination that sex is a bona fide occupational qualification reasonably necessary to the normal operation of any business or enterprise involving frequent or repeated lifting of weights over 25 pounds. Such determination is reasonable upon its face and should not be set aside by any court in the absence of evidence proving such legislative determination to be unreasonable or unreasonable in its application to a specific woman employee of unusual physical strength. Where there is a statutory determination that sex is a bona fide occupational qualification reasonably necessary to the normal operation of a particular type of business or enterprise, the person challenging the reasonableness of such determination must offer evidence to prove the unreasonableness of such determination. On the other hand, where the employer makes such determination and establishes the qualification, he must offer evidence to prove the reasonableness of the determination. See *Phillips* v. *Martin Marietta Corporation* (1971), 39 Law Week 4160.

As noted above, the issue of whether or not the other

prohibitions of R. C. 4107.43 are valid is not before the court in this case.

In summary, R. C. 4107.42, requiring seats, lunchroom facilities and meal periods for women employees, is not discriminatory against women employees, but, if discriminatory at all, is discriminatory against men employees, and does not conflict with the Civil Rights Act of 1964, because, if that Act were to be interpreted to require employers engaged in an industry affecting commerce (having 25 or more employees) to provide similar benefits to male employees, R. C. 4107.42 would not in any way prevent such employer from doing so.

Likewise, R. C. 4107.46, which limits the hours of employment of women employees, is not inconsistent with the Civil Rights Act of 1964, because, if that Act were to be interpreted to require an employer engaged in an industry affecting commerce (having 25 or more employees) to similarly limit the hours of employment of men employees, R. C. 4107.46 would not prevent such employer from doing so.

R. C. 4107.43 insofar as it prohibits the employment of women in an employment requiring frequent or repeated lifting of weights over 25 pounds is not inconsistent with the Civil Rights Act of 1964, because it constitutes a legislative determination that sex is a bona fide occupational qualification reasonably necessary to the normal operation of any particular business or enterprise requiring frequent or repeated lifting of weights over 25 pounds, and there is no evidence that such legislative determination is unreasonable.

For the foregoing reasons, the judgment of the Court of Common Pleas of Franklin County is reversed, and final judgment will be entered declaring that R. C. 4107.42, 4107.43 and 4107.46 are not inconsistent with Title VII of the Civil Rights Act of 1964 but are valid and constitutional enactments, and the permanent injunction issued by the Court of Common Pleas will be dissolved.

*Judgment reversed.*

Troop, P. J., and Holmes, J., concur.