Helen RIDINGER, on behalf of herself and on behalf of those members of a class similarly situated, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Frigidaire Division,

and

International Union of Electrical, Radio and Machine Workers, Local 801, Defendants.

Clara D. JOHNSON, on behalf of herself and on behalf of those members of a class similarly situated, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Inland Manufacturing Division,

and

United Rubber, Cork, Linoleum and Plastic Workers of America, Local 87, Defendants.

Civ. Nos. 3773, 3789.

United States District Court, S. D. Ohio, W. D.

March 24, 1971.

Thomas C. Waechter, Bieser, Greer & Landis, Dayton, Ohio, Dennis E. Murray, Murray & Murray, Sandusky, Ohio, for plaintiffs.

Sorrell Logothetis, Dayton, Ohio, for United Rubber, Cork, Linoleum and Plastic Workers of America, Local 807.

Thomas V. Martin, Asst. Atty. Gen. of Ohio, Columus, Ohio, for William O. Walker, Director of Dept. of Industrial Relations, and Gabriel Blumer, Chief, Div. of Workshops and Factories, State of Ohio.

Ross L. Malone, Edmond J. Dilworth, Jr., Detroit, Mich., Charles P. Pfarrer, Cowden, Pfarrer, Crew & Becker, Dayton, Ohio, for General Motors Corp.

## MEMORANDUM OPINION AND JUDGMENT

WEINMAN, Chief Judge.

The above captioned cases are actions for a declaratory judgment to determine whether Ohio statutes restricting and regulating the employment of females in workshops and factories of the State are in conflict with and superseded by Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e et seq. and for preliminary and permanent injunction restraining the defendants from maintaining a policy, practice, custom or usage of discrimination against plaintiffs and others similarly situated on account of sex with respect to compensation, terms, conditions and privileges of employment.

In Case No. 3773 the named plaintiff is Helen Ridinger and the named defendants are the General Motors Corporation, Frigidaire Division [Company] and the International Union of Electrical, Radio and Machine Workers, Local 801. In Case No. 3789 the named plaintiff is Clara Johnson and the named defendants are the General Motors Corporation, Inland Manufacturing Division [Company] and the United Rubber, Cork, Linoleum and Plastic Workers of America, Local 87.

This Court sustained the motion of the defendant General Motors Corporation to add as party defendants, William H. Kremer, Chief of the Divisions of Workshops and Factories, Department of Industrial Relations of the State of Ohio and William O. Walker, Director of Department of Industrial Relations of the State of Ohio. These state officers, pursuant to Sections 4107.44 and 4107.50 of the Ohio Revised Code are charged with the responsibility of enforcing the laws of the State of Ohio restricting and regulating the employment of females in workshops and factories of the state.

Gabriel Blumer is the successor to William Kremer in the office of Chief of the Division of Workshops and Factories, Defendants Walker and Blumer have filed an answer and brief denying that Sections 4107.43 and 4107.46 of the Ohio Revised Code are in conflict with the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

It is undisputed that the defendant company is an employer within the meaning of 42 U.S.C. § 2000e(b) and that the defendant unions are labor organizations within the meaning of § 2000-e(d) and (e), Title 42 U.S.C.

In both cases the Equal Employment Opportunity Commission found reasonable cause to believe that the defendants had violated Title VII of the Civil Rights Act of 1964. Conciliation efforts with the Company and the Unions failed and plaintiffs, pursuant to § 2000e–5(e), Title 42 U.S.C. were notified of their right to institute a civil action within thirty days of the receipt of this notice. Both actions were timely commenced within thirty days of receipt of said notice.

Plaintiffs claim that the defendant General Motors Corporation has discriminated against them and classified them on the basis of sex with the result that they have been denied employment

opportunities which are extended to males such as Saturday and Sunday overtime work and better paying jobs. The defendant General Motors does not deny that the plaintiffs have been classified in a way which denied them employment opportunities but contends that its action is compelled by the Ohio statutes regulating and restricting female employment and that these statutes are valid.

These actions are before this Court on the cross motions of the plaintiffs and defendant General Motors Corporation for declaratory judgment. The parties request identical relief in both actions and accordingly these actions are consolidated for determination.

In its motion the defendant General Motors Corporation moves:

A. For a Declaratory Judgment in its favor that the Ohio laws restricting and regulating the employment of females in the workshops and factories of the State, particularly Sections 4107.42, 4107.43, 4107.45, 4107.46 and 4107.99, Ohio Revised Code, are not in conflict with and are not superseded by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and, therefore, compliance by the defendant with such laws of Ohio, prior to May 1, 1970, has not given rise to a claim upon which relief can be granted.

B. In the event the Court should determine that the laws of Ohio restricting and regulating the employment of females in workshops and factories of the State, are in conflict and have been superseded by Title VII of the Civil Rights Act of 1964, then this defendant moves the Court for a Declaratory Judgment in its favor that compliance with such Ohio laws prior to August 19, 1969 did not constitute an unlawful employment practice within the meaning of 42 U.S.C. § 2000e–2 for the reason that this defendant in good faith relied upon the written interpretations (Guidelines on Discrimination Because of Sex) issued by the Equal Employment Opportunity Commission.

In their cross motion the plaintiffs move that this Court:

1. declare judgment in their favor that Sections 4107.43 and 4107.46 of the Ohio Revised Code are in conflict with and are superseded by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and

2. declare judgment in their favor that the defendants committed unlawful employment practices within the meaning of 42 U.S.C. § 2000e–2(a) and 42 U.S.C. § 2000e–2(c), and that as a result of said unlawful employment practices that these plaintiffs are entitled to an injunction, enjoining the defendants from engaging in such unlawful employment practices in the future, and, pursuant to 42 U.S.C. § 2000e–5(g), are entitled to back pay from the effective date of Title VII, July 2, 1965, up to the time of current cessation, May 1, 1970.

Are Sections 4107.42 and 4107.43, 4107.45, 4107.46 and 4107.99, Ohio Revised Code in conflict with and superseded by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.?

Section 4107.42, Ohio Revised Code, requires an employer to provide a suitable seat for the use of female employees and to permit the use of such seats by females when such female is not necessarily engaged in active employment duties and when use thereof will not necessarily interfere with employment duties, to provide a suitable lunchroom, separate and apart from the workroom, and to give a woman a minimum of 30 minutes for mealtime. If no lunchroom is available, the employer must allow all female employees one hour for mealtime. Section 4107.43 of the Ohio Revised Code prohibits the employment of all females in certain designated occupations such as crossing watchman, section hand, express driver and metal moulder and in certain other occupations "requiring frequent or repeated lifting of weights over twenty-five pounds." Section 4107.46 of the Ohio Revised Code prohibits an employer from employing a female in excess of specified hours

per week, days per week and hours per day. In manufacturing establishments, such as General Motors, a female may not be employed more than 48 hours in any one week, nine hours in any one day or more than six days in a calendar week. Section 4107.46(B) provides that if the work during any one day is not continuous but is divided into two or more periods, the employer shall provide that all such periods fall within ten consecutive hours and Section 4107.46(E) prohibits an employer from employing a female for a period of more than five hours of continuous labor unless the period is interrupted by a meal period of at least 30 minutes.

So far as is pertinent Section 2000e–2 provides:

"(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

(e) Notwithstanding any other provision of this subchapter, (1) it shall not be an unlawful employment practice for an employer to hire and employ employees, for an employment agency to classify, or refer for employment any individual, for a labor organization to classify its membership or to classify or refer for employment any individual, or for an employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining programs to admit or employ any individual in any such

program, on the basis of his religion sex, or national origin in those certain instances where religion, sex or national origin is a bona fide occupational qualification reasonably necessary to the normal operation of that particular business or enterprise, * *."

As a general rule federal regulation of a field of commerce is not to be deemed pre-emptive of state regulation in absence of persuasive reasons—either that the nature of the related subject matter permits no other conclusion or that Congress has unmistakenly so ordained. Florida Lime and Avocado Growers, Inc. v. Paul, Director of Department of Agriculture of California, 373 U.S. 132, 142, 83 S.Ct. 1210, 10 L. Ed.2d 248 (1963). Congress, in enacting legislation within its constitutional authority, will not be deemed to have intended to strike down a state statute designed to protect the health and safety of the public unless the state act, in terms of its practical administration, conflicts with the act of Congress or plainly and palpably infringes its policy. Savage v. Jones, 225 U.S. 501, 533, 32 S.Ct. 715, 56 L.Ed. 1182 (1912); Missouri, K. and T. Ry. Co. of Texas v. Harris, 234 U.S. 412, 419, 34 S.Ct. 790, 58 L.Ed. 1377 (1914); Carey v. South Dakota, 250 U.S. 118, 122, 39 S.Ct. 403, 63 L.Ed. 886 (1919); Townsend v. Yeomans, 301 U.S. 441, 454, 57 S.Ct. 842, 81 L.Ed. 1210 (1937); Kelly v. Washington, 302 U.S. 1, 10, 58 S.Ct. 87, 82 L.Ed. 3 (1937); Cloverleaf Butter Co. v. Patterson, 315 U.S. 148, 170, 62 S.Ct. 491, 86 L.Ed. 754 (1942) [dissenting opinion].

Applying these general rules of law to the present case the Court finds that the Sections 4107.43 and 4107.46 and Section 4107.99 to the extent that it imposes penalties for a violation of Sections 4107.43 and 4107.46 are invalid because they conflict with and frustrate the policy and purpose of Title VII of the Civil Rights Act of 1964 which prohibits discrimination in employment on account of sex unless sex is a "bona fide occupational qualification reason-

ably necessary to the normal operation" of a business.

With respect to pre-emption Congress has stated in Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e–7:

"Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State, other than any such law which purports to require or permit the doing of any act which would be an unlawful employment practice under this subchapter."

Title 42 U.S.C. § 2000h–4 provides:

"Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the field in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof."

■ These statutes make it clear that Congress by passage of the Civil Rights Act of 1964 intended to supersede all provisions of State law which require or permit the doing of an act which constitutes an unlawful employment practice under Title VII of the Act or which are inconsistent with any of the purposes of the Civil Rights Act of 1964.

Section 2000e–2(a) (2) prohibits an employer from classifying employees in any manner which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee because of an individual's sex. Section 4107.43 Ohio Revised Code which prohibits a woman from holding certain jobs including those which require frequent or repeated lifting of weights over twenty-five pounds and Section 4107.46 Ohio Revised Code which prohibits employers from employing women in excess of spec-

ified hours per week, days per week and hours per day compel an employer to make a prohibited classification of employees on the basis of sex unless the statutes establish a "bona fide occupational qualification reasonably necessary to the normal operation" of a particular business.

■ The statutory exception for instances where sex is a "bona fide occupational qualification" has been given a limited construction by the courts to avoid frustrating the purposes of the statute. A bona fide occupational qualification is not established by an assumption or "stereotyped characterization" that very few women could perform a particular job. In the case of Weeks v. Southern Bell Telephone and Telegraph Company, 408 F.2d 228, 235–236 (C.A. 5 1969) the Court of Appeals for the Fifth Circuit stated:

" * * * We conclude that the principle of nondiscrimination requires that we hold that in order to rely on the bona fide occupational qualification exception an employer has the burden of proving that he had reasonable cause to believe, that is, a factual basis for believing, that all or substantially all women would be unable to perform safely and efficiently the duties of the job involved.

Southern Bell has clearly not met that burden here. They introduced no evidence concerning the lifting abilities of women. Rather they would have us 'assume,' on the basis of a 'stereotyped characterization' that few or no women can safely lift 30 pounds, while all men are treated as if they can. While one might accept, *arguendo*, that men are stronger on the average than women, it is not clear that any conclusions about relative lifting ability would follow. This is because it can be argued tenably that technique is as important as strength in determining lifting ability. Technique is hardly a function of sex. What does seem clear is that using these class stereotypes denies desirable

positions to a great many women perfectly capable of performing the duties involved."

In the case of Bowe v. Colgate-Palmolive Company, 416 F.2d 711, 717–718 (C. A. 7 1969) the Court stated:

"If anything is certain in this controversial area, it is that there is no general agreement as to what is a maximum permissible weight which can be safely lifted by women in the course of their employment. The states which have limits vary considerably. Most of the state limits were enacted many years ago and most, if not all, would be considered clearly unreasonable in light of the average physical development, strength and stamina of most modern American women who participate in the industrial work force. Almost all state limits are below the 33 to 44.1 pounds recommended by an investigatory committee of the International Labor Organization (I.L.O.) in March, 1964. Even those limits were rejected by the I.L.O. and the provision finally adopted in I.L.O. Convention No. 127 (June 28, 1967) simply states that no worker should transport loads 'which, by reason of its weight is likely to jeopardize his health or safety' and that the maximum weight of loads for women 'shall be substantially less than that permitted for adult male workers.' At the same time, Recommendation 127 was adopted stating that the maximum load for an adult male should be 55 kg. or 121 pounds. While there was no agreement as to a maximum load for women, the I.L.O. experts individually suggested limits ranging from 60.5 to 76.9 pounds, virtually twice the limit agreed to by the court below.

"We agree with the Secretary of Labor insofar as he stated that it is best to consider individual qualifications and conditions, such as the physical capability and physiological makeup of an individual, climatic conditions, and the manner in which the weight is to be lifted. See also Cheatwood v. South Central Bell Telephone & Telegraph Co., 303 F.Supp. 754 (M.D.Ala., 1969). There is a significant difference in job requirements which must be considered just as carefully as the physiological capabilities of individual employees. Thus, there are probably very few plant workers (male or female) who could not lift a 38-pound case with a handle and move it 10 feet once during a shift. If, however, the case had to be moved further, or more frequently, or lifted to a shoulder-height shelf, the degree of exertion is increased and the number of those capable of performing it is diminished."

On August 9, 1969 the Equal Employment Opportunity Commission, which is charged with administering Title VII of the Civil Rights Act of 1964 issued and published amendments to the "Guidelines on Discrimination Because of Sex" recognizing that "[T]he principal of nondiscrimination requires that individuals be considered on the basis of individual capacities and not on the basis of any characteristic generally attributed to the group." Section 1604.1 of the amended guidelines in part provides:

(b) (1) "Many States have enacted laws or promulgated administrative regulations with respect to the employment of females. Among these laws are those which prohibit or limit the employment of females, e. g., the employment of females in certain occupations, in jobs requiring the lifting or carrying of weights exceeding certain prescribed limits, during certain hours of the night, or for more than a specified number of hours. per day or per week.

(d) The Commission believes that such State laws and regulations, although originally promulgated for the purpose of protecting females, have ceased to be relevant to our technology or to the expanding role of the female worker in our economy. The Commission has found that such laws and regulations do not take into account the capacities, preferences, and abilities of individual females and tend to

discriminate rather than protect. Accordingly, the Commission has concluded that such laws and regulations conflict with Title VII of the Civil Rights Act of 1964 and will not be considered a defense to an otherwise established unlawful employment practice or as a basis for the application of the bona fide occupational qualification exception."

In enacting the prohibition against discrimination on account of sex Congress intended to prevent employers from refusing to hire an individual based on stereotyped characterizations of the sexes. The principle of nondiscrimination requires that individuals be considered on the basis of their individual capabilities and not on the basis of any characteristics generally attributable to a group. Equal Employment Opportunity "Guidelines on Discrimination Because of Sex," 29 C.F.R. § 1604.1(a) (ii). The "bona fide occupational qualification" exception has been given a limited construction by the Courts to prevent the exception from emasculating the general rule prohibiting discrimination in employment on account of sex. The federal courts have held that generally recognized physical capabilities and physical limitations of the sexes may not be made the basis for the application of the occupational qualification exception. Weeks v. Southern Bell Telephone and Telegraph Co., supra; Bowe v. Colgate-Palmolive Co., supra.

Sections 4107.43, 4107.46 and 4107.99 Ohio Revised Code preclude females from holding certain jobs and from receiving other employment benefits such as overtime pay which are available to men solely on the basis of a stereotyped characterization, as to the capabilities of women without reference to individual capacities of individual female employees and therefore do not establish "bona fide occupational qualifications" within the meaning of Title VII of the Civil Rights Act of 1964.

These statutes absolutely bar the plaintiffs from earning additional compensation from overtime work which is performed by males and from advancing to better paying jobs which are held by male employees on the basis of a stereotyped characterization of the sexes without reference to the plaintiffs' individual preferences and abilities. Under the Ohio statutory scheme for regulating and restricting female employment, the fact that the plaintiffs may be equally as qualified as men to work overtime or hold a particular job is irrelevant. Since Sections 4107.43 and 4107.46 Ohio Revised Code, on their face, operate to deny females employment opportunity extended to men on the basis of general characteristices attributable to females, the statutes clearly conflict with the Congressional policy of prohibiting an employer from denying employment opportunities to an individual on the basis of a stereotyped characterization of the sexes.

While Sections 4107.43 and 4107.46 were originally enacted in the late nineteenth century for the laudable purpose of protecting females, these statutes compel an employer to make a prohibited classification of employees on the basis of a stereotyped characterization of the sexes in violation of Section 2000e–2, Title 42 U.S.C. and thus must yield to the overriding federal policy requiring that individuals be considered on the basis of individual capabilities and not on the basis of any characteristics generally attributable to the group. The Court concludes that Sections 4107.43, 4107.46 and 4107.99 to the extent that it imposes penalties for violations of Sections 4107.43 and 4107.46 conflict with and are superseded by Title VII of the Civil Rights Act of 1964 § 2000e et seq., Title 42 U.S.C. and by virtue of the Supremacy Clause (Article VI, Clause 2) of the United States Constitution are void and of no force and effect.

In the recent case of Jones Metal Products Co. v. Walker, 25 Ohio App.2d 141, 267 N.E.2d 814 (1971) the Court of Appeals for Franklin County considered the same issue that is raised in the present case. Influenced in part by the fact that an employer, not a female employee,

was challenging the validity of the Ohio statutes restricting and regulating female employment, the state appeals court held that Sections 4107.42, 4107.43 and 4107.46 Ohio Revised Code are not rendered invalid by the Civil Rights Act of 1964 through the Supremacy Clause of the United States Constitution.

This Court has considered the decision in Jones Metal Products Co. v. Walker, supra and to the extent that it is inconsistent with the conclusions of this Court, this Court declines to follow its reasoning and holding. The state court decision does not contain a discussion of the federal Court of Appeals decisions in the Weeks and Bowe cases and the federal District Court decisions invalidating similar statutes in other states. The state court rejected the contention that the state statutes conflicted with Title VII of the Civil Rights Act of 1964 because they did not apply to female employees on an individual basis. The state court reasoned that under this contention sex could never be the basis of classification, but classification would always be based upon individual ability rather than sex. The state court stated that individual ability was not the test set forth in the act but the test was whether sex was a bona fide occupational qualification.

This Court is of the opinion that the state court in the Jones Co. case failed to give proper consideration to the narrow construction given the occupational qualification exception by the Equal Employment Opportunity Commission and the federal courts. The federal courts have held that a stereotyped characterization of the sexes, such as that required under the Ohio statutes, may not be made the basis for the application of the exception.

The federal courts that have considered this issue have held that the statutes of other states, similar to those of Ohio, have been superseded by Title VII of the Civil Rights Act of 1964. Rosenfeld v. Southern Pacific Company, 293 F.Supp. 1219 (C.D.Calif.1968); Richards v. Griffith Rubber Mills, 300 F.Supp.

338 (D.Or.1969); Caterpillar Tractor Co. v. Grabiec, 317 F.Supp. 1304 (S.D.Ill.S.D.1970); Local 246, Utility Workers Union of America, AFL–CIO v. Southern California Edison Company, 320 F.Supp. 1262 (C.D.California 1970).

The Court approves of the following language in Richards v. Griffith Rubber Mills, supra 300 F.Supp. at page 340:

> "Griffith argues that under the Equal Protection Clause the State may constitutionally enforce Order No. 8. This is correct, Muller v. Oregon, 208 U.S. 412, 28 S.Ct. 324, 52 L.Ed. 551 (1908), but it is not the issue. Except in rare and justifiable circumstances, 42 U.S.C. § 2000e–2(e) the law no longer permits either employers or the states to deal with women as a class in relation to employment to their disadvantage. 29 C.F.R. § 1604.1(a). Individuals must be judged as individuals and not on the basis of characteristics generally attributed to racial, religious, or sexual groups. The particular classification in Order No. 8 may be reasonable under the Equal Protection Clause, but it is no longer permitted under the Supremacy Clause and the Equal Employment Opportunity Act. 42 U.S.C. § 2000e–7."

■ The Court concludes that compliance with Sections 4107.43 and 4107.46 Ohio Revised Code by the defendant General Motors Corporation does not constitute a valid defense to an otherwise established unlawful employment practice in violation of the Civil Rights Act of 1964. However, the defendant General Motors Corporation may refuse to award a female employee overtime work and refuse to employ a female on a particular job where under the facts of the particular case the individual female employee lacks the necessary physical and mental capacity to safely and efficiently perform the task involved.

■ The defendant General Motors has asked this Court to declare Section 4107.42 Ohio Revised Code which requires an employer to provide a suitable seat and a separate lunchroom for female

employees and Section 4107.45 Ohio Revised Code which contains certain statutory definitions for the purposes of Chapter 4107, Ohio Revised Code valid. The plaintiffs have not challenged the validity of these statutes. There is no showing that these statutes compel a classification of employees on the basis of sex which deprives females of employment opportunities because of their sex. Accordingly, the Court finds that Sections 4107.42 and 4107.45 Ohio Revised Code are not in conflict with or superseded by Title VII of the Civil Rights Act of 1964 and are valid.

The remaining issue to be resolved is whether the plaintiffs in these actions are entitled to injunctive relief and an award of back pay.

General Motors asserts that it has a valid defense pursuant to Section 2000e–12, Title 42 U.S.C. to all claims arising prior to August 19, 1969 because it relied in good faith upon the original guidelines promulgated by the Equal Employment Opportunity Commission on December 2, 1965 wherein the Equal Employment Opportunity Commission expressed its belief that the Civil Rights Act of 1964 was not intended to disrupt state statutes protecting women and that the prohibitions and restrictions of such statutes formed a basis for the application of the bona fide occupational exception.

■ Regardless of whether the defendant Company relied in good faith upon a written interpretation or opinion of the Commission, the Court believes that the Company is not liable for monetary damages under the rule that monetary damages cannot be recovered from a person on the basis of his good faith compliance with a statute that is subsequently declared unconstitutional. See Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Baxter v. Birkins, 311 F.Supp. 222 (D. Colorado 1970).

The record before this Court establishes that General Motors acted in good faith in complying with Ohio statutes regulating and restricting the employment of females. The fact that the Equal Employment Opportunity Commission in its amended guidelines issued August 19, 1969 interpreted Title VII of the Civil Rights Act as superseding state statutes regulating female employment does not require a contrary result. While the determination of an agency administering a statute is entitled to weight, the resolution of a constitutional question as to whether by virtue of the Supremacy Clause, Title VII of the Civil Rights Act of 1964 supersedes state statutes regulating female employment is within the province of the Courts, not an administrative agency. Until the Courts consider and resolve the pre-emption issue, the defendant Company cannot clearly predict that the Ohio statutes were invalid.

Furthermore, the defendant Company took reasonable steps to resolve the dilemma it faced as a result of the change of policy by the Equal Employment Opportunity Commission. The General Counsel's Office of General Motors inquired of William O. Walker, Director of the Ohio Department of Industrial Relations as to whether the new Equal Employment Opportunity Commission guidelines would change the state's enforcement policy. Mr. Walker on September 4, 1969 replied that the Department of Industrial Relations would not prosecute any alleged violations of the Ohio female labor laws that are in conflict with the new rules as published by the Equal Employment Opportunity Commission. In correspondence dated November 17, 1969 Mr. Walker declined to seek an Attorney General's opinion and indicated that the Company was not immune from all liability from his agency's decision not to prosecute violations because any county prosecutor, law director or city solicitor could prosecute if he so desired.

In reliance upon the announcement by Director Walker that the State statutes would not be enforced and in an effort to establish uniform employment practices in all the states where it had di-

visions, General Motors on May 1, 1970 ceased to comply with the Ohio statutes. However, the dilemma created by the conflict between the amended Equal Employment Opportunity Commission guidelines and the state statutes has not been resolved because Director Walker on September 13, 1970 announced that he would immediately begin to enforce the state statutes protecting females.

In view of the uncertainty as to whether the Ohio statutes are invalid and the lack of any final court decision invalidating the Ohio statutes, the Court finds that the compliance by General Motors with these statutes until May 1, 1970 does not afford a basis for awarding plaintiffs money damages. General Motors should not be held liable for its failure to predict the future course of constitutional law.

For the same reasons the Court finds that the plaintiffs are not entitled to recover monetary damages against the defendant Unions. Furthermore, as the Court held in Rosenfeld v. Southern Pacific Co., supra, 293 F.Supp. at page 1229 a union is under no legal obligation to challenge the validity of State laws and regulations regarding the employment of women by initiating a suit to determine the validity of such laws and the failure of the union to do so does not constitute a violation of the Civil Rights Act of 1964.

The defendant, General Motors Corporation, has voluntarily ceased to comply with the Ohio statutes regulating employment of women and therefore there is no likelihood that its female employees will be deprived of employment opportunities by reason of compliance with the Ohio statutes. Accordingly, plaintiffs' request for injunctive relief hereby is denied.

The determination of this Court that plaintiffs are not entitled to back pay and injunctive relief makes it unnecessary to determine whether a class action may be maintained.

## JUDGMENT

It is therefore ordered, adjudged and decreed that:

1. Plaintiffs are entitled to a judgment against General Motors Corporation, International Union of Electrical Radio and Machine Workers, Local 801, United Rubber, Cork, Linoleum and Plastic Workers of America, Local 87, William O. Walker, Director of Department of Industrial Relations of the State of Ohio and Gabriel Blumer, Chief of the Division of Workshops and Factories as follows:

(a) Declaring that Sections 4107.43 and 4107.46 of the Ohio Revised Code and Section 4107.99 of the Ohio Revised Code to the extent that it imposes penalties for a violation of Sections 4107.43 and 4107.46 of the Ohio Revised Code are in conflict with and superseded by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

2. Defendant General Motors Corporation is entitled to a judgment against the plaintiffs Helen Ridinger in Case No. 3773 and Clara Johnson in Case No. 3789 as follows:

(a) Declaring that the compliance with Sections 4107.43 and 4107.46 of the Ohio Revised Code by said defendant did not give rise to an unlawful employment practice under Title VII of the Civil Rights Act of 1964 for the reason that, in the absence of a final judicial determination, the invalidity of such statutes was uncertain and the defendant General Motors Corporation complied with Sections 4107.43 and 4107.46 in good faith.

(b) Declaring that Sections 4107.42, 4107.45 of the Ohio Revised Code are not in conflict with or superseded by Title VII of the Civil Rights Act of 1964 and therefore are valid.

3. Plaintiffs are not entitled to injunctive relief or an award of monetary damages against the defendants General Motors Corporation, International Union of Electrical, Radio and Machine Workers, Local 801, and United Rubber,

Cork, Linoleum and Plastic Workers of America, Local 87.

4. Plaintiffs are entitled to an award of a reasonable attorneys fee, in an amount to be agreed upon by the parties or to be determined by this Court upon the basis of written evidence submitted within 30 days from the date of this decision.