479 F.2d 1255
 5 Fair Empl.Prac.Cas. 1121, 5 Empl. Prac.
Dec. P 8654
 UNITED STEELWORKERS OF AMERICA, LOCAL 1104 et al.,
Plaintiffs-Appellants,
v.
UNITED STATES STEEL CORPORATION, Defendant-Appellee.
 
 No. 72-1979.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 10, 1973.
Decided June 5, 1973.
 George H. Cohen, Washington, D. C., Darryl J. Anderson, Bredhoff, Barr, Gottesman, Cohen & Peer, Washington, D. C., Joseph E. Finley, Melvin S. Schwarzwald, Metzenbaum, Gaines, Finley & Stern, Cleveland, Ohio, on brief, for plaintiffs-appellants; Bernard Kleiman, Gen. Counsel, United Steelworkers of America, AFL-CIO, Pittsburgh, Pa., of counsel.
 Charles F. Clarke, Cleveland, Ohio, Thomas H. Barnard, Cleveland, Ohio, on brief, for defendant-appellee; Squire, Sanders & Dempsey, Cleveland, Ohio, of counsel.
 Before EDWARDS and CELEBREZZE, Circuit Judges, and O'SULLIVAN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This civil rights case charging discrimination on grounds of sex, in violation of Title VII of the Civil Rights Act of 1964, Sec. 706(e), 42 U.S.C. Sec. 2000e-5(e) (1970), was filed by appellants, United States Steelworkers of America, Local 1104, against United States Steel Corporation. Acting on behalf of female employees of the Lorain Works, appellant union sought to recover wages over a two-year period (1967 to 1969) during which the women were not compensated for their one-half hour lunch period while male employees were. The case was fully tried before a District Judge in the United States District Court for the Northern District of Ohio who entered judgment in favor of the defendant.
 
 
 2
 The union charged sex discrimination in the company's lunch rules whereby men were paid for their lunch period while women were not. The company explained its policy by saying that the men's lunch period could, by contract, be varied as to time and place, and interrupted by the management when company tasks needed immediate attention, while the women's lunch period was required by Ohio law to be fixed and uninterrupted. O.R.C. Sec. 4107.46(E).
 
 
 3
 In 1969 the Equal Employment Opportunity Commission announced that compliance with state female protective laws would not be a valid defense to an otherwise unlawful employment practice based on sex discrimination. The company thereupon began paying its women employees for their half-hour lunch period.
 
 
 4
 In 1971 and 1972 both the Ohio and federal courts ruled the former female protective statutes void as against federal civil rights laws. Jones Metal Products Co. v. Walker, 29 Ohio St.2d 173, 281 N.E.2d 1 (1972); Ridinger v. General Motors Corp., 325 F.Supp. 1089 (S. D. Ohio 1971).
 
 
 5
 After trial of the issues, the District Judge entered a Memorandum and Order containing extensive findings of fact. He concluded:
 
 
 6
 The difference between the meal periods received by female employees as required by Ohio law and the lunch period allowed to the men is definite and material. The Ohio law makes it clear that the female meal period must be uninterrupted by any work and a place to enjoy it must be available away from the work station of the female employee. The defendant company observed and complied with these requirements of the Ohio law. Its male employees, however, were granted a lunch period that was subject to company direction as to its length, timing, and location. Moreover, the company reserved and exercised the right to interrupt the male employee's lunch period whenever the continuous operation of the Lorain Works required the elimination of a mill breakdown, or the immediate performance of some other emergency repair or essential work.
 
 
 7
 The appellant union does not claim that the District Judge's findings are "clearly erroneous" and we believe they are well supported by the record. The appellant union does dispute the materiality of the lunch policy differences found by the District Judge and does dispute the company's "good faith" in the premises, since it could have paid the female employees.
 
 
 8
 The District Judge cited and relied upon a District Court case which this court subsequently affirmed, saying in part:
 
 
 9
 The defendant, General Motors, did not have the benefit of any judicial determination of the validity of the Ohio female protective laws until 1971, and the enforcing agency had not handed down any definitive administrative interpretation which would assist in resolving the conflict between any such state statutes and the provisions of Title VII until August 19, 1969. Under all the circumstances of this case we cannot conclude that the District Judge abused his discretion in denying back pay to these plaintiffs. Manning v. General Motors Corp., 466 F.2d 812, 816 (6th Cir. 1972), cert. denied, 410 U.S. 946, 93 S.Ct. 1366, 35 L.Ed.2d 613 (1973).
 
 
 10
 We conclude that this appeal is governed by the decision in Manning v. General Motors Corp., supra.
 
 
 11
 The judgment of the District Court is affirmed.