**Gloria Kendall LeBLANC and Helen Jenkins Roig, Plaintiffs-Appellants-Cross Appellees,**

v.

**SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, Defendant-Appellee,**

**State of Louisiana, Defendant-Intervenor-Cross Appellant.**

**No. 71–3402.**

United States Court of Appeals, Fifth Circuit.

May 25, 1972.

Leonard A. Washofsky, Jackson & Hess, New Orleans, La., for plaintiffs-appellants-cross appellees.

Michael J. Molony, Jr., Robert K. McCalla, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, La., for defendant-appellee.

William P. Curry, Jr., Sp. Counsel, John E. Jackson, Jr., New Orleans, La., Jack P. F. Gremillion, Atty. Gen., State of La., Baton Rouge, La., John M. Currier, Asst. Atty. Gen., New Orleans, La., for defendant-intervenor cross appellant.

Samuel H. Collins, New Orleans, La., for Communications Assn. for Equal Opportunity, Inc., amicus curiae.

Sylvia Roberts, Baton Rouge, La., Elizabeth Boyer, Novelly, Ohio, for Na-

tional Organization for Women and Women's Equity Action League, amicus curiae.

Kenneth M. Davidson, Buffalo, N.Y., Robert Ellis Palmer, Amite, La., for National Organization for Women, amicus curiae.

Philip Sklover, Vincent A. Fuller, Jr., Attys., John de J. Pemberton, Jr., Acting Gen. Counsel, Julia P. Cooper, Chief, Appellate Div., Charles L. Reischel, Atty., Equal Employment Opportunity Comm., Washington, D. C., Charles White, Dist. Counsel, New Orleans, La., for E.E.O.C., amicus curiae.

Before JOHN R. BROWN, Chief Judge, and RIVES and CLARK, Circuit Judges.

PER CURIAM:

■ In this Title VII[1] suit the District Court granted a judgment declaring invalid certain Louisiana protective statutes[2] limiting the hours women may work. The lone tag end of this litigation involves the contention that the District Court erred in not granting back pay to the otherwise successful plaintiffs from the date of their EEOC charges. Congress granted broad discretion to the District Court to fashion remedies in Title VII cases as the equities of the particular case compel.[3] The plaintiffs have not sustained their burden of showing that the District Court abused this discretion in declining to allow back pay for the reasons set forth in its opinion. LeBlanc v. Southern Bell Telephone & Telegraph Co., E.D.La., 1971, 333 F.Supp. 602, 610–611.

Affirmed.

1. Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq.

2. La.Rev.Stat. §§ 23:311, 314, 332, 337.

3. The remedial provisions of Title VII provide that
   "If the court finds that the respondent has intentionally engaged in * * * an unlawful employment practice charged in the complaint, the court

may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include reinstatement or hiring of employees, with or without back pay, * * * [or any other equitable relief as the court deems appropriate]."
42 U.S.C.A. § 2000e–5(g).