Virginia MANNING, etc., Plaintiff-
Appellee,

v.

INTERNATIONAL UNION, etc., et al.,
Defendants-Appellants,

Virginia MANNING, etc., Plaintiff-
Appellant,

v.

GENERAL MOTORS CORPORATION
et al., Defendants-Appellees.

Virginia MANNING, etc., Plaintiff-
Cross-Appellee,

v.

GENERAL MOTORS CORPORATION
et al., Defendants-Cross-Appellants.

Nos. 71–2068 to 71–2070.

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 1972.

Gerald B. Lackey, Toledo, Ohio, Stephen I. Schlossberg, Stanley Lubin, Detroit, Mich., for International Union, United Automobile and Agricultural Implement Workers of America (UAW) and Local 913, appellants.

William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, Thomas V. Martin, Asst. Atty. Gen., for Sherman J. Shump, Director, Industrial Relations and Gabriel Blumer, defendants-appellees and defendants-appellants.

Ross L. Malone, E. J. Dilworth, Jr., E. L. Hartwig, Harry S. Benjamin, Jr., Russell J. Thomas, Jr., Legal Department, General Motors Corp., Detroit, Mich., Arnold F. Bunge, Jr., Duane Stranahan, Jr., Marshall, Melhorn, Block & Belt, Toledo, Ohio, for General Motors.

Dennis E. Murray, Murray & Murray Co. LPA, Sandusky, Ohio, for V. Manning.

Before PHILLIPS, Chief Judge KENT, Circuit Judge, and McALLISTER, Senior Circuit Judge.

KENT, Circuit Judge.

These appeals and cross-appeals are from a class action challenging General Motors Corporation's compliance with the Ohio "female protective statutes," particularly Sections 4107.42, 4107.43 and 4107.46, Ohio Revised Code, Section 4107.42 deals with *"Working conditions for females,"* Section 4107.43 deals with *"Occupations in which employment of females prohibited,"* and Section 4107.46 deals with *"Total hours and days of employment."*

In her complaint, the plaintiff, on behalf of herself and the members of her class, alleged that by complying with the Ohio Statutes General Motors was in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq., particularly Title 42 U.S.C.A. § 2000e–2(a)(1), which forbids discrimination in employment against any individual on the basis of sex.

The original action was commenced against General Motors, but, on motion by General Motors, the appropriate Ohio authorities, the International Union United Automobile Aerospace and Agricultural Implement Workers of America (International), and Local 913 U.A.W. (Local) were added as parties-defendant. Subsequently, the District Court realigned the parties and made the International and the Local parties-plaintiff.[1]

After appropriate proceedings under the provisions of Rule 23, Rules of Civil Procedure, 28 U.S.C.A., the trial judge determined that there was a proper class action, and that the plaintiff, Virginia Manning, was an appropriate representative of the class. We find no merit to the challenge to these conclusions. Class actions are an appropriate vehicle for challenges to discriminatory employment practices, Blue Bell Boots, Inc. v. E. E. O. C., 418 F.2d 355 (6th Cir. 1969).

After motions for summary judgment by all parties, the trial court concluded that the Ohio female protective laws in question were invalid as being in conflict with Title VII of the Civil Rights Act of 1964, and, therefore, ineffective. From this decision the State of Ohio appealed. Subsequently the Supreme Court of Ohio, in Jones Metal Products Co. v. Walker, 29 Ohio St.2d 173, 281 N.E.2d 1 (1972), reached the same conclusion, and the State of Ohio was permitted to withdraw its appeal and this issue is not now before this Court.

The trial court, by its final order, denied an injunction because General Motors had ceased to comply with the Ohio female protective laws as of May 1, 1970; it denied back pay to the female employees of General Motors. In its order the trial court determined that the plaintiffs were entitled to reasonable attorney fees but made no determination

1. For some undisclosed reason the International and the Local continued to be named as defendants despite the order of the trial court.

of amount.[2] The trial court retained jurisdiction "to insure that General Motors does not alter its policy and commence complying with said Ohio female protective legislation." (App. pg. 151).

On this appeal we are required only to consider whether the order of the District Court afforded to the plaintiffs the relief to which they were entitled, and whether such relief was "appropriate" within the meaning of Title 42, U.S.C.A. § 2000e–5.

General Motors conceded in the trial court that it had complied with the Ohio female protective laws and that as a result thereof it had denied certain jobs to females and had denied overtime opportunities to females. It defended on the ground that it had acted in good faith because of the uncertainty as to the validity of the Ohio female protective legislation.

A summary of the facts is appropriate. The authorities of the State of Ohio enforced the Ohio statutes relating to the employment and circumstances of employment of females until September 4, 1969, when the Director of the Ohio Department of Industrial Relations, by a letter addressed to the Chief, Division of Women and Minors and Minimum Wage, advised: " * * * effective September 4, 1969, this department will not prosecute any alleged violations of the Ohio female labor laws that are in conflict with the new federal rules as published by Equal Employment Opportunity Commission." (Exh. E, App. pg. 81). This letter was written because of a change in the guidelines by the Equal Employment Opportunity Commission issued August 19, 1969. On October 22, 1969, the general counsel for the International and the assistant general counsel for General Motors joined in a letter to the Director of the Department of Industrial Relations, requesting that a ruling be obtained from the Attorney General of Ohio as to the validity of the Ohio female labor laws in light of Title VII of the Civil Rights Act of 1964 and the sex discrimination guidelines issued by the Equal Employment Opportunity Commission on August 19, 1969. The Director of the Department of Industrial Relations refused to request such an opinion, and in his letter to the International and General Motors stated:

"Notwithstanding the action taken by this department, any county prosecutor, law director, or city solicitor could prosecute if he so chooses. Accordingly, an employer is not immune from all liability from our action." (Exh. G, App. pg. 86).

This lawsuit was filed on October 31, 1969, and the Ohio authorities, including the Director of the Department of Industrial Relations, were made parties-defendant on March 13, 1970. Despite the pendency of the lawsuit, the Director of the Department of Industrial Relations issued a public statement on September 14, 1970, stating *inter alia*:

"Accordingly, effective immediately, the Ohio Department of Industrial Relations will prosecute employers that employ women in violation of the Ohio Female Labor Laws." (Exh. H, App. pg. 87).

Prior to the commencement of this lawsuit this plaintiff and other females had filed charges of unlawful discrimination with the Equal Employment Opportunity Commission. No women who filed a complaint against General Motors, based upon Ohio employment, obtained a favorable ruling before the Equal Employment Opportunity Commission until March 28, 1969, when the Equal Employment Opportunity Commission entered a decision in favor of this plaintiff and a number of others, holding that General Motors was acting

---

2. "FURTHER ORDERED that the plaintiffs are entitled to an award of reasonable attorney fees against the defendant General Motors Corporation to be agreed upon between the parties and, if they are unable to so agree, to advise the Court and that this matter will then be set for a hearing to determine same." (App. pgs. 151, 152).

in violation of Title VII of the Civil Rights Act of 1964 in complying with the Ohio female protective laws.

The Equal Employment Opportunity Commission did not take a firm position with regard to the conflict between State female protective laws and Title VII of the Civil Rights Act of 1964 until it handed down its revised guidelines relating to sexual discrimination in employment on August 19, 1969.[3] Obviously, the defendant, General Motors, was on the horns of a dilemma. No definitive judicial interpretation of the conflicts between the female protective laws of the states and Title VII of the Civil Rights Act had been handed down. No court had declared that the Ohio statutes were ineffective because the field had been preempted by the federal legislation, thus making applicable the provisions of the Supremacy Clause of the United States Constitution, Article VI, Cl. 2, and the Equal Employment Opportunity Commission did not take a firm position on the issue until two months before this lawsuit was commenced. Until that time the Commission had not taken any official position as to the enforceability of laws such as those with which we are here concerned, and the Ohio authorities, except as herein set forth, had at all times insisted that the Ohio statutes were applicable to employment of females in industrial plants in Ohio.

■ On May 1, 1970, while this action was pending, defendant, General Motors, ceased to comply with the Ohio female protective laws and continued to refuse to comply with such laws despite the fact that the Court of Appeals for Franklin County, Ohio, found the laws valid on March 9, 1971. Jones Metal Products Co. v. Walker, 25 Ohio App.2d 141, 267 N.E.2d 814, Reversed 29 Ohio St.2d 173, 281 N.E.2d 1 (1972). We find no fault with the District Court's refusal of an injunction which could have done no more than restrain the defendant, General Motors, from doing that which it had not been doing for more than a year before the date the District Court order was entered. Adequate protection was afforded to the plaintiffs by the trial court's retention of jurisdiction in order to insure that General Motors would not change its policy. The Court may wish to reconsider this issue after remand in the light of the decision of the Ohio Supreme Court in Jones Metal Products Co. v. Walker, *supra*.

■ The plaintiffs, including the unions, suggest that the Courts of Appeals which have considered Title VII of the Civil Rights Act of 1964 have granted back pay. It is suggested in plaintiffs' brief that back pay has been ordered even though there has been a claim of good faith. A close analysis of the cases cited, however, is very enlightening. Weeks v. Southern Bell Telephone & Telegraph Company, 408 F.2d 228 (5th Cir. 1969), was a case in which the Georgia rule relating to weights which women could lift had been repealed before the case was before the Court of Appeals and the case was remanded for determination of the appropriate relief. Bowe v. Colgate-Palmolive Company, 416 F.2d 711 (7th Cir. 1969), involved no statute and related to a company-imposed weight limitation for female employees. Robinson v. Lorillard Corporation, 444 F.2d 791 (4th Cir. 1971), involved color discrimination and no state statute was involved. A decision by the United States Supreme Court, Phillips v. Martin Marietta Corp., 400 U.S. 542, 91 S.

---

3. For a discussion of the problems of an employer attempting to comply with state laws which restrict employment of women and at the same time comply with the Civil Rights Act of 1964, including a discussion of the vacillation of the Equal Employment Opportunity Commission, see the carefully prepared opinion by United States District Judge Gerald J. Weber in Kober v. Westinghouse Electric Corp., 325 F.Supp. 467 (W.D.Pa. 1971). See also Rosenfeld v. Southern Pacific Co., 444 F.2d 1219 (9th Cir. 1971), for a discussion of the conflict between the Civil Rights Act of 1964 and state laws.

Ct. 496, 27 L.Ed.2d 613 (1971), granted relief, but was concerned with a company rule and not with a state statute. And the Court of Appeals for the Ninth Circuit in Rosenfeld v. Southern Pacific Company, 444 F.2d 1219 (9th Cir. 1971), affirmed one decision denying damages, but subsequently, in an opinion handed down on June 20, 1972, reversed a trial court's decision which had denied back pay. Schaeffer v. San Diego Yellow Cabs, Inc., 462 F.2d 1002, 9 Cir., 1972. However in *Schaeffer* the Court concluded that under the circumstances in that case the employer was not justified in relying upon the California statutes despite the language in Rosenfeld v. Southern Pacific Company, 444 F.2d 1219, 1227, where the same Court said:

> "Prior to a judicial determination such as evidenced by this opinion, an employer can hardly be faulted for following the explicit provisions of applicable state law."

LaBlanc v. Southern Bell Telephone & Telegraph Co., 333 F.Supp. 602 (E.D. La.1971), denied back pay in a case in which the plaintiff successfully challenged the Louisiana female protective statute. The District Court's decision was affirmed in a per curiam opinion of the Fifth Circuit Court of Appeals in LaBlanc v. Southern Bell Telephone & Telegraph Co., 460 F.2d 1228, 5 Cir., 1972. A similar result was reached in Richards v. Griffith Rubber Mills, 300 F.Supp. 338 (D.Ore., 1969), a case involving a female protective order by a state commission.

The Supreme Court has stated that administrative interpretations by the enforcing agency are entitled to great deference, Griggs v. Duke Power Co., 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971), but that Court has also held that "state statutes, like federal ones, are entitled to the presumption of constitutionality until their invalidity is judicially declared." Davies Warehouse Co. v. Bowles, 321 U.S. 144, 153, 64 S.Ct. 474, 479, 88 L.Ed. 635 (1944). The defendant, General Motors, did not have the benefit of any judicial determination of the validity of the Ohio female protective laws until 1971, and the enforcing agency had not handed down any definitive administrative interpretation which would assist in resolving the conflict between any such state statutes and the provisions of Title VII until August 19, 1969. Under all the circumstances of this case we cannot conclude that the District Judge abused his discretion in denying back pay to these plaintiffs.

We do not reach the issue of the propriety of the allowance of attorney fees as permitted by Section 706(k) of the Act, 42 U.S.C.A. § 2000e–5(k) because the District Judge did not enter any final appealable order on this issue.

For the reasons herein stated and for the reasons set forth in the memorandum opinion of District Judge Don J. Young the judgment of the District Court is affirmed.