413 F.Supp. 142 (1976)
Emma DEGRAFFENREID et al., Plaintiffs,
v.
GENERAL MOTORS ASSEMBLY DIVISION, ST. LOUIS, a corporation, et al., Defendants.
No. 75-487 C (3).
United States District Court, E. D. Missouri, E. D.
May 4, 1976.
*143 Jack Greenberg, Barry L. Goldstein, Morris J. Baller, Marilyn Holifield, New York City, Louis Gilden and Doreen D. Dodson, St. Louis, Mo., for plaintiffs.
Barnard, Baer, Lee, Timm & McDaniel, Levin & Weinhaus, St. Louis, Mo., James E. Youngdahl, Little Rock, Ark., for defendants.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court upon its sua sponte reconsideration of its Order of September 30, 1975, which denied the cross motions of the plaintiffs and defendant General Motors Corporation for summary judgment on the grounds that questions of fact and law then existed. The Court is of the opinion, for the reasons stated below, that the then existing questions of law and fact have been resolved, and that this matter is now ripe for partial summary judgment as delineated in the accompanying Order of this date.
This action was filed by the plaintiffs seeking a determination that the "last hired-first fired" lay off policies of the defendants discriminate against them as black women, and are therefore a perpetuation of past discriminatory practices. Jurisdiction is alleged to be found in the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. and the post Civil War Civil Rights Acts, 42 U.S.C. § 1981.
The initial issue in this lawsuit is whether or not the plaintiffs are seeking relief from racial discrimination, or sex-based discrimination. The plaintiffs allege that they are suing on behalf of black women, and that therefore this lawsuit attempts to combine two causes of action into a new special sub-category, namely, a combination of racial and sex-based discrimination. The Court notes that plaintiffs have failed to cite any decisions which have stated that black women are a special class to be protected from discrimination. The Court's own research has failed to disclose such a decision. The plaintiffs are clearly entitled to a remedy if they have been discriminated against. However, they should not be allowed to combine statutory remedies to create a new "super-remedy" which would give them relief beyond what the drafters of the relevant statutes intended. Thus, this lawsuit must be examined to see if it states a cause of action for race discrimination, sex discrimination, or alternatively either, but not a combination of both.

*144 I

Sex-Based Discrimination
The Court now turns to the question of whether or not the plaintiffs have asserted a cause of action alleging discrimination based upon sex. Initially the Court notes that the post Civil War Civil Rights Acts, 42 U.S.C. § 1981 do not allow a recovery for sex discrimination. Olson v. Rembrandt Printing Co., 375 F.Supp. 413 (E.D.Mo., 1974).
The Court is of the opinion that, as a matter of law, defendant General Motors is not guilty of sex discrimination. This is especially true when the impact of the Missouri Protective Law, § 290.040, R.S.Mo., 1969, is considered in light of the hiring practices of defendant General Motors. Manning v. International Union, 466 F.2d 812 (6th Cir., 1972), and Vogel v. Trans World Airlines, 346 F.Supp. 805 (W.D.Mo., 1971).
It must also be noted that affidavits furnished by defendant General Motors indicate that the defendant has hired female employees for a number of years prior to the enactment of the Civil Rights Act of 1964, 42 U.S.C. § 2000a et seq. The hiring of female employees clearly indicates to the Court that the "last hired-first fired" seniority system of the defendants in this lawsuit does not perpetuate past discrimination. Chance v. Board of Examiners, and Board of Education of the City of New York, 534 F.2d 993, 44 L.W. 2343 (2nd Cir., 1-1976); Watkins v. United Steel Workers of America, Local No. 2369, 516 F.2d 41 (5th Cir., 1975), and Waters v. Wisconsin Steel Works, 502 F.2d 1309 (7th Cir., 1974). The Court also notes that the affidavits furnished by the plaintiffs do not comport with the requirements for stating a cause of action elucidated in the recent decision of the Supreme Court in Franks v. Bowman Transportation Co., Inc., ___ U.S. ___, 96 S.Ct. 1251, 47 L.Ed.2d 444, 44 L.W. 4356 (1976) in that the plaintiffs state that they did not apply for employment at the defendants' operation because they knew that they would be discriminated against. Such conclusory allegations do not state a cause of action in the opinion of this Court.
While it does not have the force of res adjudicata it must be noted that defendant General Motors and the Equal Employment Opportunity Commission entered into a consent decree on January 9, 1973, with respect to the hiring of female employees. That consent decree was approved by the Honorable Roy W. Harper, Senior District Judge of this District, and was reaffirmed by Judge Harper in an Order dated April 16, 1976. To the Court, this is a further indication that the seniority practices of defendants do not discriminate on the basis of sex.
For the foregoing reasons, it is clear that the plaintiffs are barred from alleging a cause of action against defendant General Motors on the grounds of sex discrimination.

II

Racial Discrimination
An examination of plaintiffs' complaint indicates that they have stated a claim with regards to racial discrimination on the part of the defendants. The claim of racial discrimination alleges that the past illegal discrimination of the defendants, combined with the "last hired-first fired" seniority provisions of the labor agreement between the defendants perpetuates past discrimination and is therefore violative of Title VII of the Civil Rights Act of 1964. Franks, supra, Waters, supra, and Watkins, supra.
Broad allegations of racial discrimination have been raised with regards to defendant General Motors employment facilities in St. Louis in case No. 72 C 551(4), Nathaniel Mosley, et al., v. General Motors Corporation, et al., now pending before the Honorable John F. Nangle of this District.
It is clear that judicial economy would be served if the allegations of the plaintiffs in the instant action were combined with those now pending in the Mosley lawsuit. When the prospect of consolidation with the Mosley lawsuit was raised during oral arguments regarding the pendency of this action as a class action, counsel for plaintiffs asserted *145 that the present case at bar was not one of purely race discrimination as is the Mosley lawsuit, but rather was an action of both race and sex-based discrimination. It was asserted that this action was brought on behalf of "black women" a separate sub-category under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. As the Court has stated above, counsel for plaintiffs, and the Court's own research, have failed to discover any case holdings which allow the creation of a new sub-category within Title VII that would generate such a new protected class of minorities. The legislative history surrounding Title VII does not indicate that the goal of the statute was to create a new classification of "black women" who would have greater standing than, for example, a black male. The prospect of the creation of new classes of protected minorities, governed only by the mathematical principles of permutation and combination, clearly raises the prospect of opening the hackneyed Pandora's box.
So that the goal of judicial economy will be served, the Court will dismiss without prejudice the race discrimination claims of the plaintiffs in the present action at bar, and suggests that they consolidate this action, or seek to intervene with the lawsuit now pending before the Honorable John F. Nangle, Mosley, et al., v. General Motors, et al., supra.
Thus, for the foregoing reasons, it is clear that the plaintiffs have asserted a claim of discrimination based upon race. As stated in the attached Order, summary judgment will be granted to the defendants with regards to sex-based discrimination, and to foster judicial economy the allegations of race discrimination in this case will be dismissed without prejudice so that the plaintiffs may either consolidate their claims or intervene in the present suit of Mosley, et al., v. General Motors, et al., No. 72 C 551(4) now pending in this District.