United States Court of Appeals,

Fifth Circuit.

No. 93-3072.

UNITED STATES of America, Plaintiff-Appellee,

v.

CRIMINAL SHERIFF, The PARISH OF ORLEANS, and Criminal Sheriff's Office, Parish of Orleans, Defendants-Appellants.

April 25, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before HIGGINBOTHAM and DUHÉ, Circuit Judges, and LITTLE,[*] District Judge.

LITTLE, District Judge:

By consent of the parties litigant, a magistrate adjudicated this dispute, which is predicated on Title VII of the Civil Rights Act of 1964. It is the contention of the Orleans Parish Criminal Sheriff that the magistrate's determination exceeded the issues surrendered to her by stipulation of the parties. That being so, the Sheriff seeks to have the magistrate's judgment pared to only those issues that were contained in the stipulation. Finding merit in the Sheriff's position, we recast the judgment by reversing in part.

I.

In its petition, the government alleges that the Orleans Parish Criminal Sheriff's Office and its Sheriff, Charles C. Foti, Jr., violated Title VII of the Civil Rights Act of 1964, 42 U.S.C.

_____

[*]District Judge of the Western District of Louisiana, sitting by designation.

2000e-5(f) and 6(b). Specifically, the government asserts that the Sheriff engaged in discriminatory policies and practices that prevented women from attaining deputy sheriff positions on the male inmate residential tiers of the Orleans Parish confinement facilities.

The magistrate first considered the issue of liability and then, if necessary, the issue of relief. As to liability, the parties submitted a stipulation whereby the Sheriff agreed not to contest the government's assertion that the Sheriff's department's hiring and promotional opportunities, as they pertained to male residential tiers, were not gender neutral. The stipulation stated in pertinent part:

> The United States contends that Defendant's policy and practice of not assigning female deputy sheriffs to posts located on its male inmate residential tiers denied females assignment, hiring, and promotional opportunities and terms and conditions of employment equal to those accorded to male deputies and that this is a pattern and practice violative of Title VII, except to the extent that such policy and practice was justified as a BFOQ [bona fide occupational qualification] as defined in this Stipulation. Defendant denies this contention. However, for purposes of this suit only Defendant does not contest this contention.

With the liability issue at rest, the magistrate moved toward rendering relief, which came in the form of an injunction.

II.

We note at this juncture the appellant's suggestion that the magistrate erred as a matter of law in issuing an injunction without first affording a hearing pursuant to Federal Rule of Civil Procedure 65. We disagree. Rule 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the

2

adverse party."  This circuit has stated that the purpose of the rule "is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Meis v. Sanitas Service Corp.,* 511 F.2d 655, 656 (5th Cir.1975). In this case, the parties stipulated to the merits of the liability claim, thereby enabling the court to determine and impose a final remedy.  On 30 December 1992, the magistrate issued a permanent injunction, to which Rule 65 does not apply.  As such, there is no merit to the appellant's contention that he was entitled to a hearing prior to the issuance of the injunction.

## III.

Next, the appellant maintains that the court abused its discretion by issuing an injunction that exceeded the scope of the stipulation.  In formulating relief in employment discrimination cases, the court has broad discretion to fashion remedies as the equities of a particular case compel.  *LeBlanc v. Southern Bell Tel. & Tel. Co.,* 460 F.2d 1228, 1229 (5th Cir.), *cert. denied,* 409 U.S. 990, 93 S.Ct. 320, 54 L.Ed.2d 257 (1972).  We will not intervene absent a showing of clear abuse.  *Harper v. Thiokol Chem. Corp.,* 619 F.2d 489, 494 (5th Cir.1980);  *Local 53 v. Vogler,* 407 F.2d 1047, 1052-53 (5th Cir.1969).

At issue are paragraphs two, four and five of the injunction. Paragraph two enjoins the Sheriff from "[f]ailing or refusing to hire females in the position of Deputy Sheriff, other than according to the same criterion applied in the hiring of males, at all facilities of the Orleans Parish Prison complex unless a bona

3

fide occupational qualification ... exists." Paragraph four enjoins the Sheriff from "[f]ailing or refusing to promote female deputies into rank or supervisory positions at the Orleans Parish Prison jail facilities other than on an equal basis with male deputies unless a bona fide occupational qualification exists...." Paragraph five enjoins the Sheriff from "[f]ailing or refusing to adopt and implement a program to inform women of equal employment opportunities available at the Orleans Parish Prison facilities and to attract qualified women to become Deputy Sheriffs in numbers reflecting their interest and availability in the relevant labor market."

The Sheriff argues that the provisions of the stipulation apply only to facts surrounding the assignment of female deputy sheriffs to posts located on male inmate residential tiers. In contrast, the three quoted paragraphs of the injunction go far afield from the stipulation and seek to regulate the Sheriff's hiring and promotional conduct in areas other than just the male inmate tiers of the Orleans Parish jail system.

The plaintiff, on the other hand, contends that the injunction was properly worded and that the magistrate did not exceed the scope of the stipulation. We disagree. As we stated previously, courts have broad discretion to fashion equitable remedies in Title VII cases. *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 763-64, 96 S.Ct. 1251, 1263-64, 47 L.Ed.2d 424 (1976); *Harper,* 619 F.2d at 494. But the underlying objective to be achieved in an injunctive matter is the fashioning of an order that

4

restores the injured party to the status he would have occupied were it not for the defendant's discriminatory behavior. *Franks,* 424 U.S. at 764, 96 S.Ct. at 1264; *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 418-19, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975).

## IV.

This case has as its center point the policy employed by the Orleans Parish Sheriff in assigning deputy sheriffs to duties on all male populated tiers of the Orleans Parish jail. There is no proof, however, by stipulation or otherwise, that either side considered any other issue. The sheriff admitted to endorsing and enforcing a policy concerning deputy sheriff supervision on the male inmate residential tiers. No more was admitted. To regulate conduct not at issue is beyond the scope of the magistrate's authority. A succinct summary of the powers and limitations of the trial court was expressed in *NLRB v. Express Pub. Co.,* 312 U.S. 426, 435-36, 61 S.Ct. 693, 699, 85 L.Ed. 930 (1941), in which the Supreme Court stated:

> A Federal court has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future, unless enjoined, may fairly be anticipated from the defendant's conduct in the past. But the mere fact that a court has found that a defendant has committed an act in violation of a statute does not justify an injunction broadly to obey the statute and thus subject the defendant to contempt proceedings if he shall at any time in the future commit some new violation unlike and unrelated to that with which he was originally charged. This Court will strike from an injunction decree restraints upon the commission of unlawful acts which are thus disassociated from those which a defendant has committed.

In this case, paragraphs two, four and five apply to employment and assignment practices within the entire Orleans Parish prison

5

system.  Yet, the prefatory language of the injunction itself recites a dependence on the stipulation:  "In consideration of the Stipulation entered into by the plaintiff, United States of America, and the Parish of Orleans Criminal Sheriff in his official capacity, and the Parish of Orleans Criminal Sheriff's Office herein collectively referred to as defendant and executed by the Court on September 8, 1992, the Court ORDERS as follows with respect to affirmative injunctive relief."[1]

This Circuit has previously ruled that a trial court's discretion when fashioning injunctive relief is limited to targeting the specific acts of discrimination. *See, e.g., EEOC v. Cosmair, Inc.,* 821 F.2d 1085, 1091 (5th Cir.1987) (district court erred in enjoining the defendant-appellant from requiring employees to sign waivers or releases of claims of employment discrimination, rather than merely enjoining waivers of the right to file a charge of discrimination);  *Marshall v. Goodyear Tire & Rubber Co.,* 554 F.2d 730, 735 (5th Cir.1977) (district court erred in issuing a nationwide injunction based on findings limited to an isolated event of discrimination).  To reiterate, the injunction used as its base the stipulation.  The magistrate's ruling exceeded the scope of the stipulation, which was limited to correcting the disproportionate ratio of male to female deputy sheriff service on

---

[1]Paragraphs one and three of the injunction are not imbued with the same excessiveness as found in paragraphs two, four and five and are not opposed by the appellant in this appeal.  The appellant's restraint is well taken.  Both paragraph one and paragraph three are limited in scope to correcting the absence of female deputy sheriffs on male only residential tiers.

all male tiers in the parish prison system. Paragraphs two, four and five of the injunction, by contrast, addressed hiring and promotional practices in all other areas of the parish prison system. Those other areas were neither addressed in the stipulation, nor was any evidence introduced to support the judgmental portion of the injunction in paragraphs two, four and five. Thus, the sum of the parts exceeds the whole. Pythagoras would be offended. So are we.

For the foregoing reasons, we VACATE paragraphs two, four, and five of the injunction of 29 December 1992 and AFFIRM the remainder.